KATRINKA C. GREGER *v.* GERALD J. GREGER
(7868)

BORDEN, O'CONNELL and FOTI, Js.

Argued April 10—decision released August 14, 1990

*Anthony P. Bergin,* with whom, on the brief, was *Thomas K. McDonough,* for the appellant (plaintiff).

*William J. Eddy,* with whom, on the brief, was *William J. Tracy, Jr.,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the denial of her motion to open the judgment dissolving her marriage to the defendant. She claims that the court (1) should have found that the defendant had defrauded her, (2) analyzed the alleged fraud under an inappropriate legal standard, and (3) should have found that the plaintiff had exercised due diligence to protect her interests. We reverse the trial court's judgment.

The following facts are dispositive of this appeal. In 1983, the parties agreed to terminate their twenty-three year marriage. Wanting to reach an amicable settlement and to avoid financially and emotionally debilitating litigation, they agreed that the plaintiff would select an attorney, and the defendant would cooperate by furnishing his personal financial information. In April, 1983, both parties filled out financial information sheets. At that time, the defendant disclosed that he had an interest in a small, closely held corporation engaged in the insurance business. He assured the plaintiff's counsel, as he had assured the plaintiff throughout their marriage, that while the business furnished a salary and a place to work, its stock had no market value. The defendant provided financial records supporting this representation.

In July, 1983, the plaintiff's counsel learned of a potential transaction involving the defendant's business and arranged a meeting with the defendant to discuss

it and to come to a final settlement of financial matters. During the meeting, the defendant described the pending transaction as a "merger" for which he was to receive stock and perhaps an interest-free loan. In reality, prior to the meeting, the defendant had agreed to sell his share of the business for $340,000, to be comprised of $100,000 cash, $170,000 in promissory notes and $70,000 in stock.

The defendant sold his business on August 1, 1983. He never disclosed to the plaintiff the $340,000, nor did he include any reference to it on the financial affidavit he executed and filed with the court on October 17, 1983. In fact, in listing his assets on the affidavit, the defendant described his interest in the business as "unvalued stock" and a question mark appeared in lieu of a valuation. The defendant thus managed to conceal 99.5 percent of his net worth. The parties' financial affidavits formed the basis of their final settlement agreement and the subsequent orders of the court.

In 1987, the plaintiff discovered the defendant's deception and sought to open the judgment. In denying her motion, the trial court properly recognized that fraud may be the basis of setting aside a judgment as long as (1) the movant is not guilty of laches or unreasonable delay after discovering the fraud, (2) the movant is diligent in attempting to discover and expose the fraud, (3) there is clear proof of the fraud, and (4) there is a substantial likelihood that the result of a new trial will be different. *Jucker* v. *Jucker,* 190 Conn. 674, 677, 461 A.2d 1384 (1983).

The trial court found that the plaintiff had proven fraud on the part of the defendant but had failed to exercise due diligence in uncovering it. Thus, she was

barred from the relief she sought.[1] See *Jucker* v. *Jucker,* supra; *Varley* v. *Varley,* 180 Conn. 1, 4, 428 A.2d 317 (1980); *Grayson* v. *Grayson,* 4 Conn. App. 275, 286, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987).

Of paramount significance, however, is the court's express finding that in concealing his assets, the defendant had perpetrated a fraud on the court. It concluded, however, that it could not "use the affront to the court years ago to support a favorable disposition for the plaintiff now, contrary to the requirements of law," because *Jucker* and *Varley,* controlled the disposition of the case.

We likewise may not reexamine or reevaluate Supreme Court precedent. *State* v. *Wilson,* 17 Conn. App. 97, 98 n.1, 550 A.2d 21 (1988). Nor can we retry the case and make our own findings. *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984). Accordingly, we are bound by the trial court's finding that the plaintiff did not act with diligence.[2]

The trial court incorrectly concluded, however, that *Jucker* and *Varley* prevented it from opening the judgment, because those cases do not apply here. Once the

---

[1] The defendant argues that the trial court found that the plaintiff had not proven fraud on his part. Our review of the record reveals otherwise. In an oral memorandum of decision, the court clearly found that the defendant had defrauded the plaintiff but that *Jucker* v. *Jucker,* 190 Conn. 624, 677, 461 A.2d 1384 (1983), and *Varley* v. *Varley,* 180 Conn. 1, 4, 494 A.2d 576 (1980), barred any relief. In a later articulation, the trial court appeared to change its mind and find that the plaintiff failed to prove fraud. This change, however, was improper. "An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision." *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). We are satisfied that the original memorandum represents the correct findings. See id.

[2] The plaintiff, relying on this court's decision in *Jackson* v. *Jackson,* 2 Conn. App. 179, 195–96, 478 A.2d 1026, cert. denied, 194 Conn. 805, 478 A.2d 710 (1984), argues that the trial court's finding of lack of due diligence is clearly erroneous. We have reviewed the record and are satisfied that this claim has no merit.

court expressly found that the defendant had perpetrated a fraud on the court by concealing such a large percentage of his assets and that these assets would probably have affected the court's financial orders, the law required that the judgment be opened. "The trial court in a dissolution of marriage action sits as a court of law and equity and it is incumbent upon the parties to disclose fully to the court all relevant information." *Baker* v. *Baker,* 187 Conn. 315, 323, 445 A.2d 912 (1982). "A court is entitled to rely on the truth and accuracy of sworn statements required by [§ 463] of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." *Casanova* v. *Casanova,* 166 Conn. 304, 305, 348 A.2d 668 (1974).

The defendant's conduct was a deliberate, fraudulent and egregious concealment of assets. The record clearly shows that, at the time he filed his affidavit, the defendant knew *exactly* how much he would be receiving from the sale of his business. If we allow such a deliberate and fraudulent statement of assets to go unchallenged, the role of the financial affidavit will be reduced to a meaningless formality, as will the court's role in reviewing it. We will not permit such a result. When it became clear that the defendant had perpetrated a fraud on the court by filing a false or misleading financial affidavit, the court, "at the very least, should have ordered . . . that the judgment be opened for the purpose of rehearing the financial and property issues." *Baker* v. *Baker,* supra; *Casanova* v. *Casanova,* supra.

The judgment is reversed as to the financial and property disposition orders[3] and a new trial is ordered on those issues.

In this opinion the other judges concurred.

[3] The concealment of financial information from the trial court did not affect the dissolution judgment as to the irretrievable breakdown of the marriage. There is, therefore, no reason to disturb that part of the dissolution judgment.