JERI L. BILLINGTON *v.* RANDALL J. BILLINGTON
(8571)

O'CONNELL, CRETELLA and LANDAU, Js.

Argued May 2—decision released August 28, 1990

*Glenn E. Coe,* for the appellant (defendant).

*Gerald L. Garlick,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from the judgment of the trial court opening and modifying on the ground of fraud an earlier judgment dissolving the marriage of the parties. The dispositive issue is whether the plaintiff failed to make a diligent effort to discover the fraud.[1] We reverse.

The parties' marriage was dissolved on June 19, 1987, pursuant to a stipulated judgment and settlement agreement. During the negotiations preceding the dissolution, the parties agreed to apportion between them certain pieces of real estate. The defendant received residential property located on Ellsworth Avenue in New Haven, and the plaintiff received other real prop-

---

[1] The defendant also claims that (1) there was no clear evidence of fraud, (2) the plaintiff lacked clean hands, and (3) the plaintiff's motion to open was barred by laches.

erty of supposedly equal value. On his financial affidavit, the defendant assigned the Ellsworth Avenue property a value of $225,000. He failed, however, to disclose the fact that he had received a written offer of $380,000 for the parcel. On June 22, 1987, three days after the parties' marriage was dissolved, the defendant accepted the offer and later conveyed the property for a renegotiated price of $360,000.

The parties conducted their settlement negotiations in an atmosphere of mutual distrust and suspicion. Despite the contentiousness of the discussions, neither party obtained an independent appraisal of their real estate, nor did either party file motions for discovery or requests for production. Thus, the plaintiff did not discover the defendant's arrangement to sell the property until September or October, 1987.

In December, 1988, the plaintiff moved to open the dissolution judgment on grounds of fraud and mutual mistake, asserting that the defendant had improperly concealed the value of the Ellsworth Avenue property. On February 19, 1989, the trial court granted the plaintiff's motion. The court concluded that the defendant's failure to disclose the $380,000 offer constituted fraud by nondisclosure, and it opened the judgment as to financial orders and ordered a new hearing on those orders. Following a hearing, the court modified the financial award, and the defendant appealed.

It is well established that fraud may be the basis for setting a judgment aside as long as (1) the movant is not guilty of laches or unreasonable delay after discovering the fraud, (2) the movant is diligent in attempting to discover and expose the fraud, (3) there is clear proof of the fraud, and (4) there is a substantial likelihood that the result of a new trial will be different. *Jucker* v. *Jucker,* 190 Conn. 674, 677, 461 A.2d 1384 (1983); *Greger* v. *Greger,* 22 Conn. App. 596, 598, 578 A.2d 162 (1990).

This court has recently discussed the prerequisite that a movant act with due diligence before a judgment can be opened on the ground of fraud. See *Greger* v. *Greger,* supra, 598–99. In *Greger,* this court reiterated the long-standing Connecticut rule that a judgment may not be opened if the complaining party has not exercised diligent efforts to uncover the fraud. Id., citing *Jucker* v. *Jucker,* supra; *Varley* v. *Varley,* 180 Conn. 1, 4, 428 A.2d 317 (1980). In the present case, the plaintiff made absolutely no effort to protect herself from the fraud of which she now complains. Although the plaintiff knew that the defendant owned the Ellsworth Avenue property and agreed that he would retain it as part of the property settlement, she never filed motions for discovery or requests for production which would probably have uncovered the fact that the defendant was engaged in negotiations to sell the property for considerably more than its listed value.

Nor did the plaintiff seek an appraisal of the property. It is clear from the evidence the defendant produced at the hearing on the motion to open that had the plaintiff sought an appraisal, she would have discovered that the defendant had substantially undervalued the property. At that hearing, the defendant presented a real estate appraiser who testified that the property had a fair market value of $295,000. The trial court concluded from this appraisal and from the $380,000 offer that the defendant could not have reasonably believed that the Ellsworth Avenue property was worth only $225,000. We agree with this part of the trial court's holding, but we conclude that there was no factual basis for the trial court's finding that the plaintiff acted with diligence to discover the fraud. *Greger* v. *Greger,* supra; *Jackson* v. *Jackson,* 2 Conn. App. 179, 193, 478 A.2d 1026, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984).

We recognize that in this case we have reached a result contrary to our holding in *Greger,* where we held that the judgment should be opened despite the plaintiff's lack of diligence. *Greger* v. *Greger,* supra, 600. What distinguishes *Greger* from this case is that in *Greger* the trial court found that the defendant had perpetrated a fraud on the court and not just on the plaintiff. Id. Fraud on the court provides an additional, extraordinary and extremely limited basis for opening a judgment. No such finding was made here.

In deciding this case as we do, in no way do we detract from the important role played by financial affidavits. "A court is entitled to rely on the truth and accuracy of [the affidavits] . . . and a misrepresentation of assets and income is a serious and intolerable dereliction on part of the affiant which goes to the very heart of the judicial proceeding." *Casanova* v. *Casanova,* 166 Conn. 304, 305, 348 A.2d 668 (1974). The statements "serve to facilitate the process and avoid the necessity of" parties giving public testimony about their previously private lives. *Jackson* v. *Jackson,* supra, 188. Despite the affidavits' importance, however, the parties are still obligated to take reasonable steps to protect their interests, and, where such measures are not taken, the judgment may not ordinarily be opened.

We conclude that the plaintiff failed to make a diligent effort to discover and expose the fraud and the trial court's opening of the judgment was, therefore, improper.

The judgment is reversed and the case is remanded with direction to reinstate the judgment of June 19, 1987.

In this opinion the other judges concurred.