[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 16, 1987 a dissolution action was filed by the plaintiff alleging that the marriage of the parties had broken down irretrievably. After many motions, the parties entered into a stipulated separation agreement on May 6, 1988. In reviewing the provisions of the agreement, it is a standard agreement providing for distribution of the real property, joint obligations, income tax, personal property and alimony. Each party agreed to a clause within the separation agreement that states "Each of the parties expressly agrees that each has entered into this Agreement upon mature consideration and that they have had the opportunity to discuss the provisions with counsel if they so choose."[1]
On May 6, 1988, Goldstein, J. entered a judgment dissolving the marriage. In reviewing the decree, this court finds it to reflect all of the provisions of the separation agreement. The plaintiff's attorney and the defendant, pro se, also certified that the judgment decree conformed to the court's findings.
On May 11, 1989, more than a year after judgment, the defendant filed a motion to re-open the May 6, 1988 judgment. On August 8, 1989 the defendant withdrew his motion to re-open. No court action was taken on either of these motions, and the record indicates that on July 27, 1990 the defendant, pro se, filed a second motion to re-open. It is the subsequent July 27, 1990 motion to re-open that is before this court.[2]
In examining the motion, the court finds forty-two paragraphs consisting of five counts. The first count claims that but for certain fraudulent financial misrepresentations of the plaintiff, the defendant would not have signed the separation agreement. Count two claims that the plaintiff fraudulently concealed checkbook expenditures, that if known to the defendant, he would not have signed the separation agreement. Count three claims that the plaintiff breached an oral agreement with the defendant that allowed her to remove property from the marital home and to reimburse the defendant for one-half of the replacement cost of the items.
Count four claims that the parties entered into an agreement that allowed defendant to have access to his equity in the marital home. In reliance upon that agreement, the defendant invested $5,000 as a down payment on a condominium in Puerto Rico. Defendant claims that the plaintiff changed her CT Page 6215 mind and breached their agreement which caused him to lose his $5,000 investment.
Count five claims that the plaintiff lied to the defendant about the extent of her involvement with another man and that if he knew the true nature of this involvement he would not have signed the separation agreement. Last, count six is similar to court five, except that if the defendant would have known the nature of the relationship, he would not have given the plaintiff certain properties.
It is well established that fraud may be the basis for setting a judgment aside as long as (1) the movant is not guilty of laches or unreasonable delay after discovering the fraud, (2) the movant is diligent in attempting to discover and expose the fraud, (3) there is clear proof of the fraud, and (4) there is a substantial likelihood that the result of a new trial will be different. Jucker v. Jucker, 190 Conn. 674, 677 (1983); Greger v. Greger, 22 Conn. App. 596, 598 (1990).
A hearing was held on the motion to re-open on April 5, 1991. Both parties were present and each represented themselves, pro se. The defendant called himself and the plaintiff as witnesses. The plaintiff just called herself.
In examining the evidence to see if it satisfies the Jucker, supra tests, this court finds that the defendant has met the first prong, but fails totally to satisfy the second, third or fourth prongs of the Jucker, supra, test.
Although the defendant did not file his motion to re-open until a year later, the court gives him the benefit of doubt and calls the filing timely.[3]
After the hearing and review of the evidence, the court finds that each and every act complained of, as to the financial allegations, happened prior to the judgment.[4] For whatever reasons, not clear from the record the defendant signed the separation agreement, certified the judgment decree and basically remained silent for a one year period. In addressing defendant's complaints, the court groups them into the following categories; activities with the checkbook, property agreements and the alleged $5,000 loss on the condominium.
The defendant's allegation of fraud in the use of the checkbook by the plaintiff is hollow and without any evidentiary support. The period of time complained about was prior to the parties' separation and the plaintiff managed the checkbook with the defendant's permission. The number and amount of checks are very small and, in fact, the defendant admits that they were CT Page 6216 properly made out to friends and relatives. However, his major complaint seems to be that on one occasion the plaintiff issued a check for one hundred dollars to pay for an attorney, while noting on the stub that the check went to pay for a dinner of the parties. Plaintiff testified that this minor subterfuge was necessary based upon the hostility within their estranged relationship at the time. This court finds that the acts complained of do not either individually or together constitute clear acts of fraud. The court finds no intent to commit fraud, no repetitive acts by the plaintiff and finds that the consequence of the alleged acts to be missing from the offer of proof.[5]
The evidence the defendant offered as to the failure of the plaintiff to follow through with her property bargain is of no relevance to fraud. The court finds that the defendant had full knowledge at the time of judgment and did nothing to protect himself at that time.
In examining the record, this court finds that the $5,000 financial transaction complained of does not constitute fraud in any way. At best, it was something the defendant unilaterally got himself involved in, tried to get the plaintiff to bail him out, but due to the estranged nature of the relationship, it did not work out.[6]
In counts five and six, defendant raises issues concerning the relationship of the plaintiff with another man, claiming that if he knew the real depth of their relationship he would not have agreed to sign the separation agreement. No substantive proof was offered as to the alleged relationship. Further, all facts were discoverable by the defendant prior to dissolution. This court finds no conceivable connection between her relationship and the financial fraud alleged.
Finally, while the defendant's evidence is so poor, even accepting each and every allegation as true, this court finds that there is no likelihood that the he result of a new trial would be different.
Here we have two people trying to fight their way out of a marital relationship. For awhile the battlefield was uneven once plaintiff got counsel the field changed. The conduct of the plaintiff was not fraudulent in her actions or effect.
Motion to reopen is denied.[7]
Norko, J.
FOOTNOTES CT Page 6217