JERI L. BILLINGTON *v.* RANDALL J. BILLINGTON (8571)

O'CONNELL, LANDAU and CRETELLA, Js.

Submitted January 17—decision released April 28, 1992

*Gerald L. Garlick,* with whom, on the brief, was *Alan Saltzman,* for the appellant (plaintiff).

*Randall J. Billington,* pro se, the appellee (defendant).

*C. Ian McLachlan, William H. Narwold* and *Laura B. Welch* filed a brief for Connecticut Chapter of the American Academy of Matrimonial Lawyers as amicus curiae.

O'CONNELL, J. This case is before us on remand from the Supreme Court. We previously considered the matter in *Billington* v. *Billington,* 23 Conn. App. 45, 578 A.2d 674 (1990), where we held that the plaintiff was barred from opening the judgment because she had not exercised due diligence in attempting to discover the defendant's alleged fraud. Consequently, we did not reach the plaintiff's other appellate claims. The Supreme Court granted certification, reversed our decision and remanded the case to this court for consideration of the unresolved claims. *Billington* v. *Billington,* 220 Conn. 212, 225, 595 A.2d 1377 (1991). The unresolved claims are that the trial court improperly opened the judgment because (1) there was no clear evidence of fraud, (2) the plaintiff lacked clean hands, and (3) the plaintiff's motion was barred by the doctrine of laches.

A complete recitation of the facts is available by reference to our prior decision. *Billington* v. *Billington,* supra, 23 Conn. App. 45. A brief synopsis is adequate for the purposes of this opinion. On June 19, 1987, the

marriage of the parties was dissolved. The trial court ordered a property division based on a settlement agreement that had been incorporated by reference in the stipulated judgment. In entering into this agreement, the plaintiff relied on the defendant's financial affidavit in which he listed the value of the property he received under the terms of the agreement at $225,000. The defendant did not disclose that he had already received a written offer to purchase that property for $380,000. Three days after the dissolution of marriage, the defendant accepted the offer and conveyed the property for a renegotiated purchase price of $360,000. In December, 1988, the plaintiff moved to open the judgment claiming that the defendant had fraudulently concealed the property's value.

The trial court, *Harrigan, J.*, held a hearing on the plaintiff's motion and concluded that the defendant's failure to disclose the written offer to purchase the property established fraud by clear and satisfactory evidence. The court also found that there had been no laches on the plaintiff's part in bringing the motion to open, nor did the plaintiff lack diligence in attempting to discover the fraud. Because the court further found that there was a substantial likelihood that the result of a new hearing would be different, Judge Harrigan ordered a new hearing. At that hearing, the court, *F. Freedman, J.*, rendered new financial orders, including an order that the defendant pay the plaintiff an additional $45,000 plus interest. The new financial orders are not the subject of this appeal.

The defendant is asking this court to reverse Judge Harrigan's factual findings. It is fundamental jurisprudence that "[a] factual finding may be rejected by this court only if it is clearly erroneous. . . . The trier of fact has wide latitude in its interpretation of the evidence and the conclusions to be drawn therefrom. Trial courts have a distinct advantage over an appellate court

in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. . . . This court may not substitute its own opinion . . . for the factual finding of the trial court." (Citations omitted; internal quotation marks omitted.) *Jackson* v. *Jackson*, 2 Conn. App. 179, 195, 478 A.2d 1026, cert. denied, 194 Conn. 805, 478 A.2d 710 (1984).

In the present case, Judge Harrigan based his decision in part on his finding that the plaintiff was a more credible witness than the defendant.[1] "The contours of the determination of credibility are uniquely shaped by the trial court and are not reviewable on appeal." *State* v. *Rothenberg*, 195 Conn. 253, 257, 487 A.2d 545 (1985). The trial court had the advantage of observing the appearance, demeanor and attitude of the parties. "In determining whether the trial court's broad legal discretion is abused, great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Caristia* v. *Caristia*, 22 Conn. App. 392, 395, 577 A.2d 1096 (1990).

The trial court properly recognized that to open a judgment on the basis of fraud the following criteria must be satisfied: "(1) There must have been no laches

---

[1] The trial court's attitude concerning the credibility of the parties is indicated in the following quotation from the court's remarks contained in the transcript of the defendant's motion for reargument and reconsideration of the issue of laches. "We had a full blown trial, and you [defendant's counsel] were wide ranging on everything you wanted to go into. And I heard the witnesses, and I heard the parties, and part of my decision, who I would believe was based upon my judgment of credibility, and *I frankly found Mrs. Billington to be a much more credible witness than Mr. Billington.* I found his lame explanation of what he did to be very uncredible, and I think it was very self-serving, and this claim that you make for him now that he has been inflicted with prejudice has been self-inflicted, and it's simply a matter where his house of cards collapsed upon him. . . ." (Emphasis added.)

or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different." (Internal quotation marks omitted.) *Billington* v. *Billington,* supra, 220 Conn. 218.

The three claims put forth by one defendant would require us to retry the trial court's factual findings. Because of the extensive discretion afforded a trial court in making determinations of credibility and fact-finding, we may not disregard such findings unless the defendant has demonstrated that those findings were clearly erroneous. Both the laches and fraud issues, as well as the question of whether the plaintiff lacked clean hands, necessarily involve factual determinations that are presumed to be correct on review. Here, the defendant failed to overcome this presumption.

The second criteria involving opening a judgment based on fraud was determined on appeal by the Supreme Court in *Billington* v. *Billington,* supra, 220 Conn. 217, and, therefore, we need not address it here. The fourth criteria that "there must be a substantial likelihood that the result of the new trial will be different"; id., 218; in some cases requires prognostication of the outcome of a future proceeding.[2] Notwithstanding that this court has on occasion resorted to a limited amount of judicial tea leaf reading; see *State* v. *Brown,* 14 Conn. App. 605, 629, 543 A.2d 750, cert. denied, 208 Conn. 816, 546 A.2d 283 (1988); we need not do so in this case. Here, the new hearing ordered by Judge Harrigan already took place before

[2] Prognostication would be necessary on review only where the motion to open the judgment was denied by the trial court. See *Jackson* v. *Jackson,* 2 Conn. App. 179, 194–96, 478 A.2d 1026 (1984). If, however, the motion is granted, as in the present case, the final judgment doctrine would prevent an appeal until the new hearing had been held.

Judge Freedman and has in fact resulted in different financial orders.

The judgment of the trial court is affirmed.

In this opinion the other judges concurred.