[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN AND MODIFY
The plaintiff-wife has moved the court to reopen and modify the judgment of dissolution entered on August 28, 1989 in the above-captioned matter.
The basis of her motion is her claim that the defendant-husband perpetrated a fraud upon her and upon the court at the time of the judgment. The fraud was his failure to disclose CT Page 9946 that during the marriage he had been involved in an extramarital affair which the plaintiff only recently learned about.
The parties had agreed to an uncontested dissolution and incorporated into the judgment their separation agreement in which they both stipulated that the marriage had broken down irretrievably. There was no trial, no contested issues and no evidence concerning fault.
There is nothing in the pleadings nor in the record to indicate that the plaintiff alleged that the defendant had been involved in an affair and there is nothing to indicate that the defendant ever made any admission or, more importantly, any denial of an extramarital affair.
The specter of an affair was first raised for the first time some eight years after the judgment of dissolution entered when the plaintiff came across some old love letters belonging to the defendant.
The fact that the plaintiff discovered many years after the judgment that she may have had additional grounds for the dissolution does not, in and of itself, establish fraud on the part of the defendant. The cases which permit the reopening of a judgment of dissolution for fraud have involved a misrepresentation or a failure to disclose financial matters. Castro vs.Castro, 31 Conn. App. 761 (1993); Billington vs. Billington,220 Conn. 212 (1991); Greger vs. Greger, 22 Conn. App. 596
(1990).
Parties also have a continuing duty to disclose their assets and income as set forth in their respective financial affidavits. Practice Book § 463.
There is no express requirement, however, for a party to voluntarily disclose any and all personal conduct which might provide additional grounds for a dissolution of marriage.
As cited by the defendant in his brief in opposition, the elements of fraud include "(1) a false representation that was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied upon the statement to his detriment." Billington, supra, p. 217. CT Page 9947
For the foregoing reasons, the plaintiff's motion to reopen and modify the judgment is hereby denied.
JOSEPH W. DOHERTY, J.