[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON Motion To Strike #101 Motion To Strike #108
On June 4, 1999, the plaintiff, Suffield Development Associates Limited Partnership (Suffield), filed a four count complaint against the defendants, National Loan Investors Limited Partnership (NLI), Berman and Sable and James W. Oliver (collectively the defendants). The complaint arises out of a dispute regarding a stipulated judgment entered into by Suffield and NLI in a prior case in which Berman and Sable and Oliver (BSO) represented NLI. Suffield stipulated to a $375,000 judgment in favor of NLI. Subsequently, BSO sought to enforce that judgment on behalf of NLI. Suffield claims such enforcement is not allowed or is otherwise improper. The complaint alleges: abuse of process (count one); fraud (count two); tortious interference with contractual relations (count three) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., (count four).
On July 2, 1999, BSO filed a motion to strike counts one, two, three and four of the plaintiff's complaint as well as its prayer or belief on the ground that the entire complaint is insufficient as a matter of law. Specifically, BSO asserts that count one, alleging abuse of process, does not contain any charge of misconduct intended to cause specific injury outside of the normal contemplation of private litigation. BSO further asserts that count two does not contain a viable fraud claim. Moreover, BSO argues that count three fails to allege facts that support a CT Page 1840 claim of tortious interference with contractual relations because no actual loss is alleged. Additionally, BSO moves to strike count four because it is well settled that one may not sue his opponent's attorneys under CUTPA. Lastly, BSO moves to strike the prayer for relief on the ground that Suffield has improperly asserted damages seeking attorney's fees and punitive damages. On July 14, 1999, Suffield filed a timely objection to BSO's motion to strike.
On October 6, 1999, NLI filed a motion to strike counts one, two, three and four of the plaintiff's complaint. Specifically, NLI asserts that count one, alleging abuse of process, does not contain any facts to support that NLI used the legal process of execution for anything other than its purpose, i.e., an execution. NLI further asserts that count two does not contain any facts to support that NLI made any representations or false statements of fact to Suffield or that Suffield relied on any such statements to its detriment. Moreover, NLI argues that count three, alleging tortious interference with contractual relations, fails to allege facts to support that execution upon moneys of Suffield interfered with any business relationship of Suffield. Lastly, NLI moves to strike count four because it is legally insufficient to state a CUTPA claim. On October 12, 1999, Suffield filed a timely objection to NLI's motion to strike. The court will discuss BSO's motion to strike along with NLI's motion to strike because both parties move to strike counts one through four on similar grounds and Suffield opposes both motions to strike for similar reasons.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings . . . the motion should be denied." Liljedahl Bros., Inc. v. Grigsby,
CT Page 1841215 Conn. 345, 348, 576 A.2d 149 (1990).
BSO and NLI assert that count one, alleging abuse of process, does not contain any charge of misconduct intended to cause specific injury outside of the normal contemplation of private litigation. Suffield argues in response that BSO and NLI obtained a bank execution based on their misrepresentations to the court, thereby engaging in an improper use of the bank execution process.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it is not designed. . . . [T]he gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . [P]rimarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; emphasis in original; internal quotation marks omitted.)Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987); Honanv. Dimyan, 52 Conn. App. 123, 130, 726 A.2d 613 (1999), cert. denied, 249 Conn. 909, 733 A.2d 227 (1999).
Suffield alleges that BSO, acting as NLI's attorneys, made misrepresentations to the court and wrongfully applied for execution on settlement proceeds from a civil matter between Suffield and BankBoston. (Complaint, Count One, ¶¶ 7-9.) Suffield further alleges that the defendants wrongfully directed a sheriff to execute upon the settlement and that the defendants continue to attempt enforcement despite the fact that Suffield disputes the validity or enforceability of the judgment. (Complaint, Count One, ¶¶ 11, 12.) Additionally, Suffield alleges that the defendants' actions were malicious and undertaken in an attempt to pressure Suffield into paying moneys, notwithstanding the dispute as to whether or not any sums are due and owing. (Complaint, Count One, ¶ 13.)
The court concludes that the complaint does not state a cause of action for abuse of process because it fails to satisfy the requirement of showing the use of a legal process in an improper manner or to accomplish a purpose for which it is not designed. See Mozzochi v. Beck, supra, 204 Conn. 494. There are no facts alleging that the defendants used the process of execution other than to execute, i.e., to obtain moneys owed the defendants under CT Page 1842 a judgment. Accordingly, the court grants BSO's and NLI's motion to strike count one.
BSO and NLI move to strike count two on the grounds that it does not contain a viable fraud claim because it does not contain any facts to support that NLI made any representations or false statements of fact to Suffield or that Suffield relied on any such statements to its detriment. Suffield argues that it was injured when the defendants obtained the execution through false representations to the court regarding the judgment which purportedly was the subject of the execution.
"The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Weisman v. Kaspar, 233 Conn. 531,539, 661 A.2d 530 (1995); Billington v. Billington,220 Conn. 212, 217, 595 A.2d 1377 (1991), on remand, 27 Conn. App. 466,606 A.2d 737, cert. denied, 224 Conn. 906, 615 A.2d 1047 (1992). Count two alleges that the defendants' actions misrepresented the status of said stipulation, and the use of the execution secured thereby, constituted a further misrepresentation and the continued attempt to enforce said execution further continues the wrongful actions of the defendants herein, all of which constitutes a fraud, resulting in damages to the plaintiff herein." (Complaint, Count Two, ¶ 14.)
The court finds that the complaint fails to state a cause of action for fraud because it does not allege that the defendants made any false statements with the intent of inducing Suffield to rely on such statements. Moreover, the complaint contains no allegations that Suffield relied on any false statements made by the defendants to its detriment. The court concludes that the complaint alleges mere conclusions of law that are unsupported by the facts alleged; see Novametrix Medical Systems, Inc. v. BOCGroup. Inc., supra, 224 Conn. 215; and, accordingly, the court grants BSO's and NLI's motion to strike count two.
BSO and NLI move to strike count three on the grounds that it fails to allege facts that support a claim of tortious interference with contractual relations because no actual loss is alleged and because there are no facts to support that the execution upon moneys of Suffield interfered with any business CT Page 1843 relationship of Suffield, respectively. Suffield avers that the complaint alleges that it incurred special loss and damages as a result of the defendants' actions. Moreover, Suffield asserts that the defendants' misconduct interfered with the settlement agreement between itself and BankBoston and with Suffield's right to the settlement proceeds under the agreement.
"Connecticut has long recognized a cause of action for tortious interference with business relations. . . . The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. . . . A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." (Citations omitted; internal quotation marks omitted.) Holler v. Buckley Broadcasting Corp.,47 Conn. App. 764, 768, 706 A.2d 1379 (1998).
Count three alleges that the "actions of the defendants constitute a tortious interference with the contractual rights of the plaintiff to settlement funds from BankBoston, all to the plaintiff's special loss and damage." (Complaint, Count Three, ¶ 14.) Construing the complaint in the light most favorable to the plaintiffs; see Faulkner v. United Technologies Corp.,
supra, 240 Conn. 580; the court concludes that the complaint does not allege that Suffield suffered an actual loss, a necessary predicate for a tortious interference with business relations cause of action. See Holler v. Buckley Broadcasting Corp., supra,47 Conn. App. 768. Additionally, the court finds that count three fails to allege that the defendant intentionally interfered with a business or contractual relationship of Suffield's. Accordingly, the court grants BSO's and NLI's motion to strike count three.
BSO moves to strike count four because it is well settled that one may not sue his opponent's attorneys under CUTPA. BSO relies on Jackson v. R.G. Whipple. Inc., 225 Conn. 705, 627 A.2d 374
(1993), for the proposition that CUTPA does not provide a private cause of action for an aggrieved party against the attorney representing an opposing party. In Jackson, the court reasoned that" [p]roviding a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her CT Page 1844 opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Id., 727. The court, therefore, grants BSO's motion to strike count four. Since the court is granting BSO's motion to strike counts one through four, the motion to strike the corresponding prayers for punitive damages and attorney's fees is also granted.
NLI asserts that the complaint does not allege the minimal requirements of a CUTPA claim and, as a matter of law, NLI cannot be charged with a CUTPA violation for exercising statutory rights. Suffield argues that the allegations of the complaint set forth a legally sufficient violation under CUTPA.
"It is well settled that in determining whether a practice violates CUTPA [Connecticut has] adopted the criteria set out in the "cigarette rule' by the federal trade commission [FTC] for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." (Internal quotation marks omitted.) WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 43, 717 A.2d 77 (1998). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a "trade or business.'" (Internal quotation marks omitted.) Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615 (1993), cert. denied, 228 Conn. 903,634 A.2d 296 (1993); see General Statutes § 42-110b. Further, "[a] claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills. Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P. C., 32 Conn. App. 786, 797, 631 A.2d 340 (1993), cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
Count four alleges: "At all times relevant hereto, the defendant Sermatechs acted in an immoral, oppressive, unethical, unscrupulous manner, and caused substantial injury to consumers, competitors and other businessmen, thereby violating the CT Page 1845 Connecticut Unfair Trade Practices Act (CUTPA), [General Statutes] § 42-110a et seq., as made and provided, resulting in ascertainable losses to the plaintiff."[1] In the present case, Suffield's complaint is devoid of any allegation that the acts complained of were performed in a "trade or business." Moreover, Suffield's claim under CUTPA is not pleaded with sufficient particularity to allow evaluation of the legal theory upon which the claim is based. See S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P. C., supra,32 Conn. App. 797. Accordingly, the court grants NLI's motion to strike count four.
Hennessey, J.