VINCENT J. CASANOVA *v.* CARMEL CASANOVA

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 3—decision released April 30, 1974

*David M. Reilly, Jr.,* for the appellant (defendant).

*Donald G. Walsh,* with whom, on the brief, was *William M. Mack,* for the appellee (plaintiff).

PER CURIAM. The plaintiff instituted a divorce action against the defendant who moved for an order for temporary alimony and support for the minor children of whom she had custody. At the hearing on the defendant's motion, the plaintiff, in accordance with the provisions of § 380 of the Practice Book, submitted a financial affidavit which purported to set forth his assets, liabilities, income and expenses. The affidavit contained false information. It indicated that the plaintiff's annual income was approximately $13,000. In subsequent deposition proceedings, it was determined that in fact his income for the period reported was, in fact, in excess of $24,000, and that he had not disclosed as an asset a $5000 interest in a limited partnership.

What a husband can afford to pay for support and alimony pendente lite is a material considera-

tion in the court's determination as to what is a proper order. *England* v. *England,* 138 Conn. 410, 415, 85 A.2d 483. A court is entitled to rely upon the truth and accuracy of sworn statements required by § 380 of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding.

While the present appeal arises from a ruling on a motion to modify the original order which was predicated upon the false information contained in the plaintiff's affidavit, justice to the defendant requires that she have a new and full hearing on her original motion for alimony and support, untainted by the plaintiff's misrepresentation.

There is error, the ruling on the defendant's motion to modify the order of temporary alimony and support is set aside, and the case is remanded for a new and full hearing on the merits of the motion.