[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT (#173.00)
The plaintiff in the above captioned matter has moved to reopen the judgment of dissolution for the purpose of setting aside the financial orders rendered in connection therewith. The gravamen of the plaintiff's claim is that the defendant committed a fraud upon the plaintiff by furnishing him, at the time of the dissolution, with a financial affidavit which materially understated the defendant's actual assets.
An evidentiary hearing on the motion to reopen was held on April 22, 1996.[1] From this hearing and from an examination of the file, this court finds the following facts. The parties' marriage of nearly thirty years was dissolved on March 22, 1993. Prior thereto, the plaintiff and defendant exchanged sworn financial affidavits. Thereafter, on the date of the dissolution, they entered into a separation agreement. This contained, interalia, the parties' agreement for financial orders and the division of their property.
The defendant's affidavit, in the section captioned "Assets", listed the total value of her certificates of deposit, as $17,329.33. In actuality, at the time she furnished the affidavit the defendant had four separate certificates of deposit, all at the Chase Manhattan Bank, totalling approximately $45,000.[2]
The plaintiff was not aware that the value of the defendant's certificates was in excess of the amount she stated in her sworn affidavit. He relied upon that affidavit in negotiating and agreeing upon the financial and property settlement contained in the parties' agreement. The plaintiff became aware of the existence of the defendant's four certificates only after the dissolution, in the course of an audit of the parties' joint 1992 tax return. Additional facts are set forth, as necessary, in the course of this decision.
There are now three limitations on the granting of relief from a marital judgment secured by fraud. These are: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the perjury or fraud, and; (3) there must be a substantial likelihood that the result of the new trial will be different. Billington v. Billington, 220 Conn. 212, 218
(1991).[3] "Fraud consists in deception practised in order to induce another to part with property or surrender some legal right, and which accomplishes the end desired." Jackson v.Jackson, 2 Conn. App. 179, 193 (1984). CT Page 4294
When the facts are spread against this legal canvas, the court is persuaded that the judgment should be reopened. First, there has been no laches or unreasonable delay by the plaintiff after the fraud was discovered. Laches consist of two elements: there must have been a delay that was unexcusable and, that delay must have prejudiced the defendant. The mere lapse of time does not constitute laches, unless it results in prejudice to the defendant. Papcun v. Papcun, 181 Conn. 618, 620 (1980). There has been no evidence of any unreasonable delay in the plaintiff bringing this motion after his unwitting discovery of the defendant's certificates; certainly, there has been no showing that a delay prejudiced the defendant. Second, there has been clear proof of the perjury or fraud. The defendant's conduct in this case falls squarely within the doctrine of fraudulent non-disclosure. "To constitute fraud by non-disclosure . . . there must be a failure to disclose known facts and . . . a request or an occasion or a circumstance which imposes a duty to speak."Jackson, supra, at 194. In the context of a marital dissolution, there is a need for full and frank disclosure in the parties' sworn financial affidavits. Billington, supra, at 219. Here, the defendant falsely misstated in her financial affidavit the value of her certificates of deposit, by more than $25,000. This is not a negligible amount. The significance and importance of the financial affidavit in domestic disputes is well recognized.Billington, supra, at 220. The purpose of the affidavit is to induce the opposing party to act upon it, Jackson, supra, at 195. The defendant's false representation necessarily carries with it the plain implication that the representation was made with the intent to deceive, Miller v. Appleby, 183 Conn. 51, 57, footnote 1 (1981).[4] Third, there is a substantial likelihood that the result of a new trial will be different. The incremental difference between the disclosed value of the certificates, and their actual value, is more than 10% of the defendant's total assets as stated in her affidavit, and more than 33% of her liquid assets, so stated. This is a significant variance. See,Casanova v. Casanova, 166 Conn. 304 (1974); Baker v. Baker,187 Conn. 315, 323 (1982). This court concludes that it is highly likely a new trial "with all of the cards on the table", Jackson,supra, at 195, will produce a different result.
In sum, "[p]ivotal to the validity of [the court's inquiry that a settlement agreement is fair and equitable under all of the circumstances] is the absolute accuracy of the financial information furnished by the parties to one another and to the CT Page 4295 court." (Emphasis added). Jucker v. Jucker, 190 Conn. 674, 677
(1983). "A court is entitled to rely upon, the truth and accuracy of sworn statements . . . and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." Casanova, supra, at 305.
Accordingly, the judgment is reopened as to the financial and property disposition orders, only.[5]
JOHN F. KAVANEWSKY, JR. JUDGE