[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a marital dissolution action commenced by the plaintiff Richard Zimmerman by complaint dated February 24, 1995. The defendant Jane Anne Zimmerman appeared, and by pleading dated March 7, 1995, moved for alimony pendente lite. Pursuant to the written agreement of the parties, the court, on March 28, 1995 ordered the plaintiff to pay the defendant the sum of three hundred and thirty ($330.00) dollars a week as pendente lite
alimony. By pleading dated September 15, 1995, the plaintiff seeks to modify the existing pendente lite alimony order. This Memorandum addresses the plaintiff's Motion to Modify. The court conducted a hearing on this motion during which the parties testified and documentary evidence was introduced as exhibits, including the deposition of an out-of-state witness. Based on the evidence adduced at the hearing and a review of the previously filed financial affidavits of the parties, the court makes the following findings and order.
Connecticut General Statutes § 46b-86 authorizes the court to modify an order for the payment of alimony pendente lite
upon a showing that there has been a substantial change in the circumstances of either party. In this case, the plaintiff alleges that at the time of the pendente lite order his shelter expenses were completely subsidized by his employer, and that, since that time his employment position has been revised so that he no longer receives any subsidized shelter. He further asserts that he has been required to rent an apartment at his own expense. The plaintiff claims that a substantial change in his circumstances has occurred since the entry of the pendente lite
CT Page 4082-R order.
At the time of the entry of the pendente lite order, both parties submitted financial affidavits. On the plaintiff's affidavit, dated March 27, 1995, he indicated that his weekly gross earnings from employment were eight hundred and sixty eight ($868.00) dollars. He also indicated that he earned, as overtime, the weekly gross sum of eighty three ($83.64) dollars and sixty four cents. Finally, he indicated that he received as miscellaneous expenses, the sum of one hundred ($116.00) sixteen dollars a week. Next to this amount, the plaintiff had written the notation, "terminates this week." cf. Plaintiff's Financial Affidavit, dated March 27, 1995. On the same affidavit, the plaintiff showed as total weekly expenses, the sum of four hundred and eighty ($480.00) dollars. The court notes that this amount included the sum of one hundred and ten ($110.00) dollars a week as a mortgage payment on the family residence. Since this was an expense that the parties anticipated the defendant would assume as a result of the pendente lite orders, the court does not consider that expense as present at the time the pendentelite orders were entered for purposes of determining whether a substantial change in circumstances has occurred. For purposes of clarity, the court notes that, at the time of the entry of thependente lite orders, the plaintiff claimed, as a deduction against his earnings, a weekly payment to the credit union in the amount of one hundred ($100.00) dollars. Since the court finds that this payment is, in reality, an expense, the court, in its calculations, has added this amount to the plaintiff's weekly expenses as set forth on March 27, 1995. In addition his affidavit reflected the sum of eighty one ($81.45) dollars and forty five cents as weekly payments on liabilities.
The defendant also submitted an affidavit at the time of the entry of pendente lite orders. Her affidavit, dated March 27, 1995, showed weekly gross income of thirty ($30.00) dollars. Her expenses, which included the home mortgage payment, totaled six hundred and twenty six ($626.00) dollars with an additional two hundred and ninety six ($296.00) dollars in weekly liability expenses.
The plaintiff submitted an affidavit, dated March 18, 1996, in conjunction with this Motion to Modify. In it, he claims that his weekly gross income totals eight hundred and ninety nine ($899.00) dollars. In addition, he asserts that he has received an average of thirty four ($34.00) dollars a week as a per diem.
CT Page 4082-S While his affidavit shows a reduction from this expense payment for taxes, the plaintiff testified that, in fact, he has received this money tax free. Thus, his current total weekly gross income, including his per diem, as reflected on his affidavit, is nine hundred and thirty three ($933.00) dollars.
Throughout the course of the marriage, and presently, the defendant's occupation has been the raising and breeding of dogs. While her present affidavit does not reflect any earnings from this activity, the defendant testified that she believes her gross earnings in 1995 were approximately sixteen thousand ($16,000) dollars. Since she has not vet filed her Income Tax returns for 1995, the defendant was not able to accurately state whether she realized any profit from this business after payment of expenses. She also indicated that in the latter part of 1995 and in 1996 some of her dogs had litters and she has sold several of the puppies. It is her claim, however, that she has not yet realized any net profit for the period of reporting because of her significant expenses. While the defendant's income picture is muddled, the court is satisfied that the plaintiff has not proven that the defendant's earnings have changed substantially since the entry of the pendente lite orders.[1]
The court finds that the plaintiff's weekly regular time gross earnings from employment have actually increased from the date of the initial orders from eight hundred and sixty eight ($868.00) dollars a week to the sum of eight hundred and ninety nine ($899.00) dollars a week. The facts regarding his overtime, expense payments and per diem are less readily ascertained. It is clear from the plaintiff's initial affidavit that he was receiving some expense reimbursement at the time of the initial alimony order. While the plaintiff testified at the modification hearing that he had testified at the initial hearing to a figure greater than that shown on his financial affidavit, the court accepts the plaintiff's signed sworn statement that he was then receiving one hundred and sixteen ($116.00) dollars as a miscellaneous expense payment, which the court finds to be synonymous with per diem, as the parties have used the term in this case. The court is entitled to rely on the parties' affidavits as signed sworn statements. Casanova v. Casanova,166 Conn. 304, (1974). Therefore, at the time of the initial order, the plaintiff's gross receipts from regular earnings, overtime,per diem were one thousand sixty seven ($1067.64) dollars and sixty four cents, with the sum of one hundred and sixteen ($116.00) scheduled to terminate within the week. CT Page 4082-T
In contrast, the court finds, based on the plaintiff's current affidavit, that his present gross weekly receipts are nine hundred and thirty three ($933.00) dollars. While this change in compensation does not alone constitute a substantial change in circumstances, the court has considered this change in conjunction with the change in the plaintiff's housing costs in determining whether a substantial change in circumstances has occurred.
On the expense side, the contrast for the plaintiff is greater and is centered on his housing costs. The court finds that though the plaintiff had no housing costs at the time of the initial hearing, he currently rents housing for which he has a monthly rental obligation of six hundred and eighty ($680.00) dollars, or one hundred and fifty six ($156.00) dollars a week. While the court is mindful, from the deposition of Robert Stanton, that the plaintiff requested a transfer which had a resultant impact on the reliability of his receipt of per diem
payments and led to his present rental obligation, the court does not believe that this change was either unreasonable or provoked by the plaintiff solely for the purpose of avoiding a reasonable alimony obligation. cf. Plaintiff's Exhibit 1. The court believes that this change is substantial, one which warrants a modification of the present alimony order.
In considering the plaintiff's motion, and upon a finding that a substantial change of circumstances has occurred, the court has considered all of the factors set forth in C.G.S. §46b-82, except for the grounds for the complaint. In addition, the court has reviewed the testimony of the parties and their financial affidavits in regard to issues pertaining to the defendant's earnings, the parties weekly expenses and their payments of liabilities. In many respects, the affidavits submitted by the parties are unreliable. For example, the plaintiff claims a weekly food expense of five ($5.00) dollars and a meal expense of ten ($10.00) dollars. In an effort to convince the court that these figures are palpably mistaken, the plaintiff urges the court to consider as a matter of common sense that one's weekly food expenses exceed fifteen ($15.00) dollars. This, the court will not do any more than the court will imply that the reduction shown on the defendant's affidavit in her food cost, or the present absence of any claimed expense for fuel or electricity as housing costs are due to inadvertence on the part of the defendant in preparing her affidavit. While the court is CT Page 4082-U entitled to rely on the parties' affidavits as signed sworn statements, the court is not bound to accept their recitations as proven facts. In this case, the court finds both parties' affidavits unpersuasive as to their real expenses and is therefore unable to place any substantial reliance on them in fashioning its order.
In determining the amount of alimony pendente lite to order, the court is obligated to consider all the factors set forth in C.G.S. § 46b-82, except the grounds for the complaint or cross complaint. In this case, while the court has considered all the factors about which there was relevant testimony, the court finds the length of the marriage as well as the disparity in earnings between the parties to be of greatest significance. The court also finds from the evidence that the defendant has no particular training for employment away from the home, and is burdened by high blood pressure as well as limited vision in one eye. This combination of her present medical infirmities and her lack of training or experience in a business setting ill equip her for meaningful employment outside her chosen field of dog breeding.
On the other hand, the plaintiff has significant employment experience and a demonstrated earning capacity. The court accepts as proven that his gross taxable earnings in 1995 were approximately forty eight thousand five hundred ($48,500) dollars, and his gross taxable earnings in 1994 were approximately sixty thousand nine hundred and forty five ($60,945) dollars. cf. Defendant's Exhibit B, 1994 Joint Federal Tax Return.
Under these circumstances, the court grants the plaintiff's Motion to Modify. The court orders the plaintiff to pay to the defendant as alimony pendente lite the weekly sum of two hundred and seventy five ($275.00) dollars. This order shall be retroactive to the date on which the plaintiff's motion was filed in court.
Bishop, J.