[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR ORDER,DATED FEBRUARY 13, 1997, CODED 134CT Page 3451AND PLAINTIFF'S MOTION TO OPEN ANDVACATE JUDGMENT, BASED ON FRAUD,DATED JUNE 13, 1997, CODED 136
The threshold issue before the court is whether the time period allowed for the court to render a decision on this matter has expired. The evidence regarding the above two motions was completed on July 8, 1997, and the parties' request to file briefs was granted. The defendant filed a memorandum of law in opposition to the motion for order and motion to open judgment, which memorandum was dated August 9, 1997, filed August 11, 1997, and coded 140. The plaintiff filed a brief, dated August 8, 1997, file stamped August 12, 1997, and coded 141. The one hundred twenty days for filing of the decision would have commenced on August 12, 1997. Practice Book § 211A requires short calendar matters to be decided within one hundred twenty days from the date the briefs are filed. Section 211A(b) provides that a party seeking to invoke the provisions of § 211A shall, not later than fourteen days after the expiration of the one hundred twenty day period, file with the clerk a motion for reassignment of the undecided short calendar matter. The failure of the party to file a timely motion for reassignment shall be deemed a waiver of that party by the one hundred twenty day time. In this case, no motion was filed for reassignment. Therefore, the one hundred twenty day period of time has been waived.
Many of the facts that give rise to the above two motions are not in dispute. The marriage between the parties was dissolved on July 23, 1993. The judgment provided that the defendant would pay to the plaintiff, as alimony, the sum of $3400 per month. Said monthly payment was to continue until the death of either party, the plaintiff's remarriage, her cohabitation with an unrelated male which may cause a suspension, modification or termination of said alimony payment, or until the plaintiff attains the age of sixty-two years, or upon the wife's election to begin receiving her coverture portion of the husband's pension from Kraft General Foods, hereinafter set forth, whichever shall first occur. The stipulation of agreement between the parties, which was approved of and incorporated into the judgment, also provided that in the even of the husband's early retirement or the severance of his employment from Kraft General Foods, there shall be a re-evaluation of the alimony, dependent upon the income of the parties at that time. Alimony was non-modifiable as to term. The financial affidavit CT Page 3452 submitted by the defendant at the time of judgment, dated July 23, 1993, showed that he had a gross monthly salary of $11,941.67, and a net monthly salary of $7674.63, with a net weekly earning of $1742.43. It also showed that he had other interest income of $42 monthly. His financial affidavit also noted that he is entitled to share in a bonus plan, which plan is determined by the company and personal performance. In 1992, the bonus he received was $36,027, before taxes, and approximately $20,000, net of taxes. The plaintiff's financial affidavit, dated July 23, 1993, reflected that she had gross income of approximately $400 in 1992, and in 1993, to date, approximately $1300, less the cost of paint, materials, etc. The stipulation of the parties also provided that as additional periodic alimony, the defendant shall pay to the plaintiff a sum equal to 25 percent of all of his earned income in excess of $143,000 per year, excluding the income from future stock options earned and exercised by the defendant. Said additional alimony payments were to be due and payable when increases and/or additional funds are received by the defendant, and he shall further furnish to the plaintiff verification of said increases. Said additional alimony payments were to terminate under the same conditions as previously set forth for the termination of the $3400 monthly alimony payments, except that said additional payments shall continue for a period of five years from date. The parties had been married on September 24, 1966, and were therefore married almost twenty-seven years on the date of dissolution.
The defendant filed a motion to reopen the judgment and modify alimony, dated August 4, 1995, and file stamped August 8, 1995, and coded 130. In that motion, the defendant alleged that there has been a significant change in the defendant's financial circumstances wherein the defendant was forced to take early retirement from his employment at Kraft General Foods. The parties entered into a stipulation and/or agreement, dated October 10, 1995, regarding that motion, which was approved by the court on October 10, 1995. The defendant submitted a financial affidavit, dated August 4, 1995, in which he showed he had gross weekly income of $1543, and net weekly income of $783. The stipulation entered into between the parties on October 10, 1995, coded 130.01, provided as follows:
 The defendant shall pay to the plaintiff as periodic alimony the sum of $1842 per month, payable monthly on the first day of each month, in advance. Said order shall be effective as of October 1, 1995. The defendant shall notify Attorney CT Page 3453 Roland F. Moots, Jr. upon obtaining employment so that the above alimony award may be reevaluated.
In explaining the stipulation to the court on October 10, 1995, counsel for the defendant stated, in part, as follows:
 MR. MOOTS: Basically, Your Honor, we've agreed that the alimony will be modified effective October 1st, 1995 to the sum of $425 per week. In addition to that, when my client, the defendant, obtains employment —
THE COURT: OK.
 MR. MOOTS: When my client obtains employment, he must notify me, and I will then notify Attorney Andersen, and then, the matter will be re-evaluated at that time depending upon his income, and the plaintiff's income at that time.
 THE COURT: All right. Well, you're both experienced counsel, and you're representing your clients. You both — you've reviewed this with your clients and you're both in agreement that this should be a stipulation that is adopted as an order of the Court. Is that correct?
MR. MOOTS: Yes, Your Honor.
MS. ANDERSEN: Yes, Your Honor.
 THE COURT: All right. All right, on that basis, I will adopt the stipulation and our agreement that is signed by the parties as an order of the Court concerning the modification of alimony, and this order shall be effective as of October 1st, 1995. And, obviously, the defendant is obliged to notify Mr. Moots on attaining employment so the award may be re-evaluated.
MR. MOOTS: Thank you, Your Honor.
THE COURT: All right?
MS. ANDERSEN: Thank you, Your Honor.
(Whereupon, the hearing was concluded.)
The defendant's financial affidavit, dated October 10, 1995, and coded 131, showed gross weekly income of $1543, and net CT Page 3454 weekly income of $983. His affidavit had the following note on it: "Defendant forced to take early ret. from Kraft — salary effective August 18, 1995." The plaintiff's financial affidavit, dated September 11, 1995, showed as her only source of income alimony that she was receiving from the defendant. A note on the bottom of page one of that affidavit stated as follows: "Plaintiff is a self-employed artist and basically earns no income from the same. In 1995, she has earned approximately $800, but the cost of supplies exceeds the income. The 1994 income tax return shows gross receipts of $1800, and no net profit considering the same."
The motion for order, coded 134, alleges that it has come to the plaintiff's attention that the defendant has been employed and has failed to provide the proper notice. The motion further alleges that the defendant has earned income in excess of his income at the time of the original order and seeks to have the original order of $3400 per month as alimony, plus 25 percent of his earned income in excess of $143,000 per year restored, and to have the order effective to the time the defendant obtained employment in accordance with the previous court order.
The plaintiff's motion to open and vacate judgment, based on fraud, coded 136, alleges that the defendant filed a motion for modification of alimony in August of 1995, claiming a substantial change in circumstances due to the fact that he was forced to take early retirement from Kraft General Foods. The motion alleges that the defendant filed a financial affidavit, dated October 10, 1995, showing his total weekly income from earnings at that time to be approximately $1543 per week. The motion seeks to have the order entered on October 10, 1995 opened and vacated on the grounds that the defendant's financial affidavit, dated October 10, 1995, was fraudulent
In discussing the issue of fraud, the court in Billington v.Billington, 220 Conn. 212 (1991) stated at pages 217, 218, 219, and 220, as follows:
 The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. . . . A marital judgment based upon a stipulation may be opened if the stipulation, and thus the judgment, was obtained by fraud. Kenworthy v.CT Page 3455 Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980). "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time."
 In Varley v. Varley, supra, 4, we imposed four limitations on the granting of relief from a marital judgment secured by fraud: "(1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different." . . . . In this case, we are concerned only with the second of these limitations, namely, that the party seeking to open the judgment exercised diligence in the original action in order to discover and expose the fraud. We are persuaded that the time has come to abandon that limitation.
. . . .
 Our cases have uniformly emphasized the need for full and frank disclosure in that affidavit. "A court is entitled to rely upon the truth and accuracy of sworn statements required by § 380 [now § 463] of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." Casanova v. Casanova, 166 Conn. 304, 305, 348 A.2d 668 (1974). "These sworn statements have great significance in domestic disputes in that they serve to facilitate the process and avoid the necessity of testimony in public by persons still married to each other regarding the circumstances of their formerly private existence." . . . . ([D]efendant entitled to rely on information in plaintiff's financial affidavit[.]). . . . Thus, the requirement of diligence in discovering fraud is inconsistent with the requirement of full disclosure because it imposes on the innocent injured party the duty to discover that which the wrongdoer already is legally obligated to disclose. [Citations omitted; internal quotation marks omitted.]
 I. THE PLAINTIFF'S MOTION FOR ORDER, CODED 134
CT Page 3456
In this motion, the plaintiff seeks to have the order of alimony reevaluated as of the date the defendant obtained employment on April 8, 1996. The defendant's income in 1996 consisted of income from Kraft General Foods of $277,047, and income from Sun Micro Systems of $82,353, for a total income of $359,400. The parties are in dispute as to whether Mihalyak v.Mihalyak, 30 Conn. App. 516 (1993) is applicable to this case. InMihalyak, the judgment incorporated an oral stipulation of the parties that provided, in part, that "the wife's right to receive alimony would terminate upon the death of either party or upon the wife's remarriage or cohabitation."
The Mihalyak court held that the judgment itself provided for the termination of the alimony upon the occurrence of the plaintiff's cohabitation, and that the trial court should have terminated alimony as of that date, holding that the alimony termination provision was automatic and self-executing upon cohabitation. In this case, the right to a re-evaluation of the alimony order was automatic and self-executing upon the defendant obtaining new employment on April 8, 1996. The defendant takes the position that the plaintiff is asking for a retroactive order.
In this case, just as in Mihalyak, the claim that is raised is not based on § 46b-86, which is a separate and independent statutory basis for modification of alimony, but is based solely on the provision of the order entered on October 10, 1995. The plaintiff in this case seeks to have the court enforce its order, which order stated that, "Defendant shall notify Attorney Roland F. Moots, Jr. upon obtaining employment so that the above alimony award may be re-evaluated." The plaintiff has a right to have the alimony award re-evaluated as of the date the defendant obtained employment, which date was April 8, 1996.
Alimony modification is governed by § 46b-86 that allows for modification upon a showing of a substantial change in the circumstances of either party. In this case, the court finds that there has been a substantial change in circumstances between the financial affidavit submitted by the defendant, dated October 10, 1995, and the orders entered on that day, and April 8, 1996. In general, the same sort of circumstances are relevant in deciding whether a decree maybe modified as are relevant in making the order that is sought to be modified. CT Page 3457
The plaintiff's motion for order is granted and alimony is reinstated in accordance with the original judgment as of April 8, 1996.
 I. THE PLAINTIFF'S MOTION TO OPEN AND VACATE JUDGMENT BASED ON FRAUD, CODED 136
The court makes the following additional findings regarding this motion. The defendant's employment with Kraft General Foods was terminated on August 25, 1995 as a result of consolidation. The defendant received a severance package of one year's pay to be paid over a two year period. The defendant's total compensation from Kraft General Foods, as of September 8, 1995, was $168,823.34, less deductions. Of the $168,823.34 total compensation as of September 8, 1995, his regular pay as of September 8, 1995, amounted to $100,003.89. His regular pay alone as of September 8, 1995, without including bonuses and stock options, amounted to approximately $2790 gross weekly, less deductions, to arrive at net weekly pay. His total income from Kraft General Foods in 1995, was $211,186, plus bonus income of $56,120. His financial affidavit submitted at the time of the stipulation that was entered on October 10, 1995, which financial affidavit was dated October 10, 1995, showed gross weekly income of $1543, and net weekly income of $983.
The plaintiff obtained verification in February of 1997 of the fact that the defendant had become employed on April 8, 1996 by Sun Micro Systems at an annual salary in excess of $80,000 per year.
From the evidence presented, this court finds, by clear and convincing evidence, that the defendant made a false representation as to a statement of fact in his financial affidavit of October 10, 1995 as to his gross and net weekly income, and that that statement was untrue and known by him to be untrue, and that it was made with the intent to induce reliance thereon by the plaintiff, and that the plaintiff did rely upon the statements to her detriment. The court further finds that there has been no laches or unreasonable delay by the plaintiff after she had discovered the fraud by the defendant, and that there has been clear proof of the fraud by the defendant, and that there is a substantial likelihood that the result of the CT Page 3458 stipulation entered into on October 10, 1995 would be different if the plaintiff had known of the defendant's true income.
The court therefore finds that the stipulation entered into between the parties, dated October 10, 1995, and the order entered by the court on October 10, 1995, approving of the stipulation, was as a result of fraud by the defendant, and that stipulation and the order entered thereon is vacated.
Axelrod, J.