[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on September 8, 1979, two months shy of a total of 20 years. By complaint dated October 5, 1998, the Wife instituted this action claiming a dissolution of marriage, alimony, support, joint custody, property division, and other relief. The Husband, who was represented by counsel, did not file an answer or cross-complaint but was fully heard on all issues, despite this procedural omission, over two days of trial.
Two children issue of the marriage were born to the Wife, to wit: Cara Alexandra, born June 20, 1985 and Matthew Alexander, born June 13, 1987. Both children are in good physical health but do not do well in school. From time to time, tutors are needed to help. In addition, the Wife feels a need to be present in the home to monitor their activities. Incredulously, the children were not told by either parent that a divorce was pending, even though the action had been started nine months earlier, until two weeks prior to trial. Trial commenced without a parenting agreement; however, with the assistance of the Family Services office and to the credit of the parties, they came to an agreement which was reduced to writing and filed with the court.
The Wife is 45 years of age, in good health, and has three years of college. She obtained an associates degree in fashion merchandising prior to her marriage and in 1995 became a licensed real estate agent. For some eight years after graduation she worked as a buyer at Gimbels with her last salary being approximately $20,000 per year. She left Gimbels to have children and become, by agreement with her Husband, a full time homemaker. For the last three years she has attempted to start a real estate business with some modest success. Last year she grossed $24,000, her highest income to date. She claimed business related deductions of approximately $8,000. The Husband claimed she was not working enough hours and could earn substantially more if she did. Responsibilities to the children would seem to preclude expanding work hours or changing careers as suggested by the Husband. Her earning capacity under present circumstances is, as CT Page 9279 represented on her financial affidavit, $20,800 per year.
The Husband is 53 years of age, in reasonably good health, and a high school graduate. At the time of the marriage, he had been a firefighter with the Town of Fairfield for 11 years and a part time realtor. He left the fire department after 20 years of service with a disability pension which in 1998 paid him $29,482 (the parties asked the court to treat the pension as income rather than property). Since the early eighties, he has been a full time real estate broker and property manager. Last year he earned $100,215 from his real estate sales business and had a loss of $1,898 ($5,336 in depreciation) from his real estate management business in addition to his lifetime pension. His earning capacity would appear to be $100,000 per year plus his annual pension of $29,482.
For about one year prior to the marriage, the Husband owned property at 38-42 First Street in Fairfield. Other than that property, the parties had little in the way of assets which they brought to the marriage. During the marriage each party inherited assets from their parents which were consumed in various living expenses or are reflected in the assets presently owned. They also received substantial gifts from the Wife's family in order to purchase items for the marital residence. They have no liabilities.
The net assets of the parties, listed in the orders hereinafter stated, total $822,950 excluding personal property which was divided pursuant to agreement. It should be noted that the defendant's financial affidavit was confusing in its form, listed property which had been sold some months before trial, had inaccurate balances in various accounts, and did not list a $30,000 bank check held by him or a $12,500 real estate deposit. Also, for reasons unexplained to the court, in 1997 the Husband gave his daughter the sum of $50,000 without telling his wife. It was only through the diligence of Wife's counsel that some of the discrepancies described were discovered. Fortunately for the Husband, he acknowledged the affidavit's shortcomings during cross-examination saving him from more serious consequences.
 A court is entitled to rely upon the truth and accuracy of sworn statements required by . . . the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding. CASANOVACT Page 9280 v. CASANOVA, 166 Conn. 304, 305 (1974) 348 A.2d 668.
The parties enjoyed a station in life commensurate with their ages, education, and incomes. Motor racing was a particular hobby of the Husband which was expensive and took him away from the family home many weekends during the year. It undoubtedly added strain to the marriage. Their contributions to the acquisition, appreciation, and preservation in value of the acquired assets would appear to be relatively equal. Parties contribute in different ways in the shared enterprise that is a marriage. Given their present circumstances, it would appear the Husband would have a greater opportunity to accumulate assets and income in the future than would the Wife.
It would serve no useful purpose to chronicle the causes for the breakdown in the marriage which is clearly irretrievable. The Wife claimed that there were problems during the past six years and that their "personal" relationship deteriorated. She further claimed that the Husband had an inappropriate interest in women's clothing, and used the internet indiscriminately. The Husband claimed the Wife had poor spending habits and stopped accompanying him on weekends when he participated in his racing hobby. On balance, it would appear that the Husband was somewhat more responsible for the breakdown.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The parties are awarded joint legal custody of the minor children with physical custody to the Wife. The agreement of the parties dated June 30, 1999, including the general orders attached thereto, are incorporated herein. Said agreement is to be detailed in the judgement file prepared by counsel. CT Page 9281
CHILD SUPPORT
The Husband shall pay to the Wife as child support the sum of $385 per week commencing immediately. Said sum is in accordance with the Child Support Guidelines and shall be subject to a contingent wage withholding order.
LIFE INSURANCE
The Husband shall maintain life insurance insuring his life in the minimum amount of $100,000 naming the Wife beneficiary thereof, for so long as he is obligated for alimony or child support (per paragraph #8 of Husband's proposed orders).
MEDICAL INSURANCE
The Husband shall maintain health insurance for the benefit of the minor children. Any un-reimbursed medical or dental expenses incurred by the minor children shall be equally shared by the parties. Each party shall be responsible for their own medical insurance and un-reimbursed expenses without contribution from the other.
ALIMONY
The Husband shall pay to the Wife alimony of $700 per week until death of either party, the Wife's remarriage or her living with another person as defined in Conn. Gen. Stat. Sec 46b-86(b). Ten years from date, if not sooner terminated, alimony shall be reduced to $150 per week. Said payments shall be subject to a contingent wage withholding order.
DIVISION OF ASSETS
The assets of the parties, described under the column labeled Assets, are distributed in accordance with the following schedule (assets under the column labeled Husband are distributed to the Husband and assets under the column labeled Wife are distributed to the Wife):
 SCHEDULE OF DISTRIBUTION
Assets FMV (equity) Husband Wife
CT Page 9282
361 Barn Hill 275,000 0 275, 000 Residence (Joint)
38-42 First St. 160,000 160,000 0 Fairfield (Joint)
10-12 43,500 43,500 0 Beaconview Fairfield (Joint)
Lot 28 7,000 7,000 0 Olde Point (Joint)
17 Riverview 27,000 27,000 0 (Joint)
86 GMS (H) 1,000 1,000 0
76 Dodge Motor 2,000 2,000 0 (H)
89 Chev Monza 12,000 12,000 0 (H)
95 Haulmark 3,500 3,500 0 Trailer (H)
99 Suzuki (W) 20,000 0 20,000
73 Triumph(W) 1,500 0 1,500
personal 350 350 0 checking (H)
Deposit/new 12,500 12,500 0 residence (H)
Blazing Saddles 2,500 2,500 0 checking (H)
Fairfield Credit 32,000 0 32,000 Union (H)
SEPP (H) 20,000 20,000 0 CT Page 9283
Fabrizi Loan 4,500 4,500 0 receivable (Joint)
Real estate 45,000 45,000 0 account (H)
3-D property 30,000 30,000 0 mgmt (H)
3-D developing 4,500 4,500 0 (H)
Seligman; 67,000 0 67,000 Flagship; Nuveen (H)
Cash or bank 30,000 30,000 0 check (H)
Fleet Checking 2,000 0 2,000 (Joint)
Fleet Business 3,600 0 3,600 Checking (W)
Inheritance (W) 13,000 0 13,000
Fleet Savings 2,000 0 2,000 (W)
Nationwide/ cash 1,500 1,500 0 value (H)
TOTAL 822950 406850 416100
PERSONAL PROPERTY
All of the furniture and personal possessions of the parties shall be divided in accordance with an agreement of the parties filed with the court which is incorporated herein by reference. Said agreement is to be detailed in the judgement file to be prepared by counsel.
LIABILITIES
CT Page 9284
Each party is to pay his or her own liabilities.
COUNSEL FEES
No counsel fees are awarded to either party.
TAXES
By April 15 of each year, until there is no longer any obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
MISCELLANEOUS
Each party shall sign any documents necessary to effectuate the orders contained herein. Wife's counsel is to prepare the judgement file, have it certified by Husband's counsel, and file with the court within 30 days.
CUTSUMPAS, J.