[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO MODIFY SUPPORT AND VISITATION POST-JUDGMENT
The parties were married in West Haven, Connecticut on April 29, 1991. They have one minor child, Zacharia Doar, born on May 4, 1995. Their marriage was dissolved by judgment of September 26, 1996, on the ground of irretrievable breakdown. By way of a stipulated written agreement of CT Page 15235 the parties, incorporated into the judgment, plaintiff Annette Dattolo was awarded alimony, a property settlement, as well as physical F and legal custody, and financial support of their minor child, Zacharia.
The following language is included in said written agreement:
 "The defendant agrees to pay child support no less than as follows: a) $200 per week; b) $200 per month, said $200 as additional payment."
A notation was made in the agreement that the amount of child support does not comply with the child support guidelines. In that part of the written agreement that explains the reason for deviation from the child support guidelines the following phrase appears: "Amount above guidelinesto provide support for wife and child as well as property settlement." (Emphasis added.)
The agreement includes the following language as to alimony for the plaintiff:
 [h]usband agrees to pay to wife $1.00 per month for alimony, subject to change only for an extraordinary change in circumstances, not solely financial to be terminated at the earliest of 7 years, death or cohabitation or marriage of wife.
Defendant Ibrahim Doar has filed the instant motion to modify child support, marital support and visitation. The motion is dated April 15, 2000, and was heard on July 13, and July 23, 2000. The parties' briefs were filed in late August. The court shall address first the matter of child support.
That part of the motion for modification of child support is based upon the defendant's claim that his net income has changed from $720 at the time of his dissolution to $163.80. He asserts that his earlier net income of $720 was derived from his ownership interest in a pizza business which he has sold, and that his current income of $163.80 is derived from his work as a handy man for Hood Laundromat. Plaintiff Annette Dattolo disputes the source of the defendant's income. The plaintiff maintains that the defendant has unreported income as an owner in two businesses; namely, Hood Laundromat and a moving company.
A request for a post-judgment modification of alimony and child support orders is governed statutorily by Conn. Gen. Stat. Sec. 46b-86(a) which states in part that
CT Page 15236 [u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be . . . modified upon the showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines, . . . unless there is a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.
Furthermore, the Connecticut Supreme Court in Borkowski v. Borkowski,228 Conn. 729 (1994) informs us in general that the look-back point for modification is the date of the last court action on the particular matter.
 The original decree or any subsequent order is an adjudication by the trial court as to what is right and proper at the time it is entered. To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it.
 Borkowski, Id at 737-38.
Thus, this Court must look back to the last court order which substantively addressed the matter of child support.
A review of the court file shows that in February of 1999 the Support Enforcement Division of the State of Connecticut filed a Motion to Modify Support of minor Zacharia Doar. Included in the motion is an allegation that the September 26, 1996, weekly order of child support in the amount of $250.00 deviates from the Connecticut Child Support Guidelines by more than fifteen percent.[1] On April 9, 1999 this motion was marked off the calendar because the moving party did not appear in the Magistrate's Court. On June 3, 1999 defendant Ibrahim Doar filed a pro se Motion for Modification of the original September 26, 1996 child support order.
The Support Magistrate heard the motion for modification of child support on November 12, 1999. At that hearing the defendant testified that the principal financial change in his circumstances was caused by the sale of his one-half ownership interest in a pizza business from which he received $20,000 — a portion of which he sent to his father in Jordan so that he could have surgery there.[2] On his financial affidavit filed on the date of his original dissolution the defendant CT Page 15237 listed his interest in the pizza business as the source of his then weekly gross ($1,000) and net ($720) income. In the Magistrate's court on November 12, 1999 the defendant testified that his then weekly income of $310 was derived from working as a mechanic 40 hours per week at the rate of $9.00 per hour. The defendant also testified that he was starting a moving business in February, and requested a temporary reduction in his support obligation until March when he expected Magistrate issued a Temporary Support Order reducing his active child support to $150 per week. The Magistrate's order provided that the $100 balance of the prior support order of $250 would continue to accrue. The Magistrate continued the hearing until March 17, 2000, and ordered the defendant to bring certain financial records to that hearing.
The financial affidavits presented at the Magistrate's hearing on March 17, 2000 showed plaintiff Annette Dattolo's weekly net income as $400 and defendant Ibrahim Doar's weekly net income as $310. At the conclusion of the hearing on March 17, the Magistrate issued a decision denying the defendant's request for modification of child support. The Magistrate's order of March 17, 2000 left child support in the amount of $250 per week, recognized a support arrearage in the amount of $4,150 and required the defendant to pay $50 per week on the arrearage.
In this instant motion, dated April 15, 2000, the defendant essentially repeats his argument presented to the Magistrate on November 12, 1999 to the effect that there has been a substantial change in the parties' circumstances since the date of the original September 26, 1996 agreed-upon order of child support, and that the substantial change resulted from the reduction of his income after the sale of his interest in his pizza business. He further contends that another change is the increase in the plaintiff's net income from zero on September 24, 1996 to $392.95 in July of 2000, and a reduction in his weekly net income to $163.80 for his work as a handy man for Hood Laundromat.
An examination of the court file discloses that plaintiff Annette Dattolo's income as reported on her financial affidavit on March 17, 1999 — the date of the Magistrate's earlier ruling — has not changed significantly. On March 17, 1999 she reported net weekly income of approximately $400. The net weekly income disclosed on her financial affidavit for the current hearing is $392.95 — a difference of about $7.00.
If the court were to accept defendant Ibrahim Doar's weekly net income figure of $163.80, and to use this figure in calculating his child support obligation under the child support guidelines, his presumptive weekly child support obligation would be $40.00. However, the court finds that because the defendant's reporting of the amount of his weekly income CT Page 15238 is not credible, it would be inequitable to limit his child support obligation to $40.00 per week. See Favrow v. Vargas, 231 Conn. 1 (1994). This finding of lack of credibility is based upon several factors, including the defendant's demeanor, and also, inter alia, upon inconsistencies in his stories. For example, while testifying before the Magistrate on November 12, 1999, the defendant stated, inter alia,
 I got to start a new business, moving business, its already, I put it in the yellow pages, the new Business.
 I have to start in February, as soon as the yellow pages come out.
Transcript, page 5
The court finds that the defendant later told the plaintiff that he is in the moving business, and that it is difficult to have visitation with his son on the weekend because of his moving jobs. However, the defendant told this court on July 13, 2000, that he is not the owner of this business.
The court further finds as incredible the defendant's statement that he is just a handy man for, derives minimum income from and has no ownership interest in the coinoperated Hood Laundromat inasmuch, as, inter alia, he is the guarantor of approximately $65,000 of financing for that business. The court finds that the Laundromat generates considerable cash on a regular basis. It should be noted that the defendant testified that as the handy man for the business he opens it early in the morning, leaves around 9:00 a.m., sometimes looks for a job, sometimes visits people, and returns to the Laundromat sometimes at 5:00 p.m. and other times at 7:00 p.m.
The court finds that the defendant is a savvy business person who at one time engaged in and profited from the procurement and the sale of used cars.[3]
The court also finds that the defendant listed several expenditures on his financial affidavit indicating that he was paying them when in fact his girlfriend was paying them. The court finds disturbing that the defendant's financial affidavit gives an impression of debt payment different than that elicited from him on cross-examination. By filing a sworn financial affidavit the defendant invites the court and the opposing party to rely upon its contents. Casanova v. Casanova,166 Conn. 304 (1974).
In sum, the court finds that the defendant's reporting of his income CT Page 15239 and expenses is not credible. Furthermore, the court finds that he has a present earning capacity sufficient to pay the current financial orders. As the person who has filed this motion for modification of child support, the defendant has the burden of showing "the existence of a substantial change in circumstances." Emerick v. Emerick,28 Conn. App. 794, 802 (1992). The court finds that inasmuch as the defendant has not provided credible evidence showing such a substantial change in his financial circumstances, his motion for modification of child support must be denied.
Concerning the defendant's request to modify marital support, the court finds that by use of the phrase" $200 per month, said $200 as additional payment," in their written agreement, the parties intended said monthly payment to be a property settlement. In making this finding the court credits the plaintiff's testimony that she invested considerable money in the start-up of the defendant's pizza business, and in her testimony to the effect that the defendant did not want to list all of his income and assets on his financial affidavit of September 24, 1996, that out of fear for her safety she did not challenge him, and that they agreed that the additional payment would be acceptable as a settlement of his indebtedness to her. Inasmuch as this is a property settlement, it is nonmodifiable. See Billings v. Billings, 54 Conn. App. 142 (1999),Roberts v. Roberts, 32 Conn. App. 465 (1993) and Gaudio v. Gaudio,23 Conn. App. 287 (1990).
The court shall now turn its attention to the defendant's request for a modification of visitation. As stated earlier, the parties agreed at their dissolution to the award of and the court ordered physical and legal custody of minor Zacharia to the plaintiff. The court also entered the following order of visitation, based upon the parties agreement:
 Reasonable visitation of father based on mutual agreement of parties.
The parties disagree as to when the defendant should have visitation with his son. There is no allegation that he does not have a good relationship with his son, or that he would intentionally harm or that he is not able to provide for his son's safety. Having reviewed the evidence on this issue, the court finds that the following is in the best interest of minor Zacharia:
 Visitation Schedule Defendant Ibrahim Doar shall have minor Zacharia for two (2) overnight visitations weekly, said particular days of overnight visitation to be determined by the CT Page 15240 mutual agreement of the parties. As to major holidays (e.g., Christmas, New Years, Easter, Thanksgiving) the parties shall alternate having minor Zacharia. Unless the parties otherwise agree defendant Ibrahim Doar shall have minor Zacharia the Christmas of 2000, from 10:00 a.m. on December 25, until 3:00 p.m. on December 26, 2000. Unless the parties otherwise agree, a similar time of visitation starting at 10:00 a.m. on the day of and ending at 3:00 p.m. on the day after a major holiday shall govern the visitation period. The defendant shall have overnight visitation on his own birthday.
When the defendant has minor Zacharia for visitation he shall safeguard his son's well-being.
 ORDERS
In accordance with the foregoing analysis, the court issues the following orders: The defendant's motion to modify support is denied. The defendant's request to modify visitation is granted in accordance with the visitation schedule set out herein. During his visitation, the defendant shall provide to the plaintiff his address and an active telephone contact number.
Clarance J. Jones, Judge