[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REOPEN AND MODIFY DECREE OF DISSOLUTION
The defendant Thaddeus Deptula moves to reopen and modify a decree dissolving his marriage to the plaintiff Giuseppina Deptula entered on January 26, 2000. The plaintiff objects on the grounds that the motion to reopen and modify was not made within four months of the decision; Practice Book § 17-4; but rather, in this case, it was made fourteen months after the entry of the decree.
This was a short marriage and the plaintiff commenced the dissolution CT Page 5051 action approximately one year after they married. While living together, the plaintiff and the defendant were injured as a result of carbon monoxide poisoning. They have and had pending at the time of the dissolution, personal injury claims seeking damages as a result of this poisoning and are represented for these claims by the same lawyer, Joseph S. Dobrowolski, Esq. The defendant's injuries are substantially greater than the plaintiff's injuries. The claim the plaintiff seeks to reopen provides in part for the following: "It is further ordered that the parties share equally the total combined recovery from the carbon monoxide poisoning claim, whether as a result of settlement or lawsuit filed individually or jointly and after costs and attorneys' fees."
This action for dissolution of the marriage was commenced by the plaintiff having the defendant personally served on August 25, 1999. The prayer for relief merely sought "1. A dissolution of marriage; 2. Restoration of her maiden name; and 3. Such other relief as the court deems appropriate." The defendant did not cause an appearance to be filed.
Shortly after being served with the summons and complaint on September 21, 1999, the defendant returned to his native Poland. Indeed, the plaintiff drove him to the airport and the defendant was in constant contact with the plaintiff while he was in Poland until his return to the United States on January 21, 2000. The plaintiff never disclosed to the defendant that she was requesting one-half of the combined recoveries from the carbon monoxide poisoning claim as part of her dissolution claim.
At the time of the hearing for the dissolution of the marriage on January 26, 2000, the plaintiff testified as follows:
"Q. And when did you last speak with . . . [the defendant]?
A. Yesterday.
 * * *
Q. Are you asking this court that regardless of the form that any action might take that any recovery [for the carbon monoxide poisoning] be combined and divided equally between the two of you:
A. Right.
Q. So that if there are two separate lawsuits whatever recovery those should be combined and the net proceeds divided equally between the two of you? CT Page 5052
A. Right.
 * * *
THE COURT: Ma'am, when you spoke to him yesterday you told him you were going to be here today?
WITNESS: Yes.
THE COURT: And what did he say?
WITNESS: Fine, go ahead.
THE COURT: Have you spoken to him about how you propose to divide the proceeds of the Carbon Monoxide lawsuit?
WITNESS: He's aware of it.
THE COURT: And does he agree with that or disagree with that?
WITNESS: I — I assume he agrees, he didn't say anything to the contrary."
The plaintiff misrepresented to the court that the defendant knew she was going to request that the total proceeds from the claim be divided equally, notwithstanding that his injuries were substantially greater than her injuries. The very first time the defendant discovered that the decree contained this provision was on December 11, 2000 when he received a letter from the personal injury attorney representing the parties. Furthermore, although the complaint for the dissolution seeks "[su]ch other relief as the court may deem appropriate," it is insufficient to trump the plaintiff's misrepresentation to the court. "A court is entitled to rely upon the truth and accuracy of sworn statements . . ., and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." Casanova v. Casanova, 166 Conn. 304, 305 (1974) (pertaining to financial affidavits, but, equally applicable to false and misleading sworn testimony before the court especially when the defendant does not appear and the trial court relies on the testimony to enter an order).
Notwithstanding § 17-4, under the circumstances of this case, the motion to reopen the decree with respect to alimony and division of property (including the personal injury claims) is granted. The undersigned will retain jurisdiction and at 9:30 A.M. on April 26. 2001 will hear the parties with respect to the modified part of the motion.
Berdon, Judge Trial Referee