STATE OF CONNECTICUT *v.* DONALD WILSON, SR. (6653)

BORDEN, DALY and O'CONNELL, Js.

Argued October 11—decision released November 15, 1988

*Jerome J. Rosenblum,* for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *James Bernardi,* assistant state's attorney, and, on the brief, *Maria Rodriguez,* law student intern, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, after a jury trial, of manslaughter

in the first degree with a firearm in violation of General Statutes § 53a-55a. The defendant claims on appeal that the trial court erred (1) in admitting as substantive evidence the prior inconsistent written statement of a witness who testified at trial, and (2) in denying his motions for acquittal and for a new trial. We find no error.

The jury could reasonably have found the following facts. On October 5, 1986, at approximately 10:30 a.m., the victim was sitting in his parked car on Eli Avenue in Norwalk. The defendant was driving along Eli Avenue when he saw the victim's car. The defendant parked his car in the middle of Eli Avenue and walked over to the victim's car. In his back pocket was a silver handgun.

The defendant approached the victim and began to argue with him. The victim attempted to exit the car, but the defendant prevented him from doing so by blocking the victim's car door with his knee. The defendant fired one shot at the victim, then told him to stay in the car and not to try to get out. The defendant then fired two more shots at the victim. He then returned his gun to his back pocket and drove away. The victim died as a result of a bullet's penetrating his heart. Witnesses to the incident testified that they did not see a struggle between the defendant and the victim.

The defendant's first claim of error is that the trial court erred in admitting as substantive evidence the prior written inconsistent out-of-court statement of a witness, Tracy Johnson.[1] This claim is controlled by

---

[1] The defendant also asks us to reevaluate the holding of our Supreme Court in *State* v. *Whelan,* 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 1598 (1986). This court will not reexamine or reevaluate Supreme Court precedent. *State* v. *Thurman,* 10 Conn. App. 302, 309 n.5, 523 A.2d 891 (1987). Whether or not *Whelan* and subsequent cases should be reevaluated is not for this court to decide. See id.

*State* v. *Whelan,* 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 1598 (1986). Our review of the record indicates that the witness' out-of-court statement complied with the requirements of *Whelan* in that it was (1) written, (2) signed by the witness, and (3) made with personal knowledge of the facts about which he testified and was cross-examined. *State* v. *Whelan,* supra, 753. Thus, the trial court did not err in admitting into evidence Johnson's prior written inconsistent statement.

The defendant's final claim is that the trial court erred when it denied his motions for acquittal and for a new trial. Specifically, the defendant claims that the evidence presented by the state was insufficient to disprove his claim of self-defense.

The state has the burden of disproving the defense of justified use of force; General Statutes § 53a-12 (a); beyond a reasonable doubt. *State* v. *Fullard,* 5 Conn. App. 338, 497 A.2d 1041 (1985). "Whether the defense of the justified use of force, properly raised at trial, has been disproved by the state is a question of fact for the jury, to be determined from all the evidence in the case and the reasonable inferences drawn from that evidence." Id., 341; *State* v. *Corchado,* 188 Conn. 653, 663, 453 A.2d 427 (1982). As long as the evidence presented at trial was sufficient to allow the jury reasonably to conclude that the state had met its burden of persuasion, the verdict will be sustained. *State* v. *Dumlao,* 3 Conn. App. 607, 613, 491 A.2d 404 (1985). We conclude that the evidence that was admitted at trial was sufficient to disprove the defendant's claim of self-defense beyond a reasonable doubt.

There is no error.