J-S07029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY AARON MONROE | : | |
| | : | |
| Appellant | : | No. 461 MDA 2025 |

Appeal from the PCRA Order Entered March 10, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000983-2022

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED: JUNE 15, 2026**

Appellant, Anthony Aaron Monroe, appeals *pro se* from the order entered on March 10, 2025, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of this case as follows:

> [T]he police initially became aware of [Appellant's] criminal behavior through [] information provided by a confidential source that had been used in other criminal investigations which resulted in the arrest of other defendants and [the] seizure[] of illegal drugs, firearms and other proceeds of illegal drug enterprises. [Therefore, Appellant] agreed to meet with [an] undercover officer (UC) who [posed] as a "black market arms dealer" to trade handguns for cocaine.  As a product of their conversation, [Appellant] showed the UC his own gun through FaceTime that he possessed prior to their meeting because he wanted to purchase extended magazines for it [and agreed to sell the UC cocaine in exchange].  The gun was seized from [Appellant after] a search warrant [was] obtained for his residence.  The weapon was found in [Appellant's] bedroom hidden under a dresser.

PCRA Court Opinion, 9/23/2024, at 6 (record citations omitted).

The Commonwealth initially charged Appellant with persons not to possess a firearm, receiving stolen property, and possession with intent to deliver narcotics.[1]  Thereafter, the case progressed as follows:

> On July 10, 2023, [Appellant] entered into a [counseled] negotiated guilty plea to [persons not to possess a firearm], a felony of the first-degree.  The negotiated plea agreement was for a sentence of five to ten [] year[s of] incarceration [] with credit for time previously served.  After his plea, [Appellant] was sentenced pursuant to the plea agreement and received credit for time served toward the sentence from July 15, 2020 until July 10, 2023.  No subsequent motions for reconsideration or appeals were filed.  Therefore, [Appellant's] judgment of sentence became final on August 9, 2023.
>
> [Appellant] filed a timely *pro se* PCRA petition, in which he alleged that the court failed to inform [him] of the elements of the crimes charged, [that] his sentence was illegal for failing to conduct a hearing to determine if he could pay [] fines, [that] he was entrapped and that his sentence was "null and void, and unconstitutional as applied to [him] based upon **Range v. Attorney General**, 69 F.4th 96 (3d Cir. 2023) and **New York State Rifle Assn. Inc. v. Bruen**, 142 S.Ct. 2111 (2022)."  [The PCRA] court appointed [counsel to represent Appellant] on February 21, 2024.  On May 3, 2024, [PCRA counsel] filed a petition [under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)] to withdraw from [PCRA] representation[.]  A PCRA conference was held on May 14, 2024.  After consideration of the entire record, [the PCRA] court agree[d] with [PCRA counsel] that [Appellant] failed to raise any meritorious issues in his PCRA petition.

*Id.* at 1-2 (unnecessary capitalization omitted).  On September 23, 2024, the PCRA court granted PCRA counsel's petition to withdraw and filed notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P.

---

[1]  18 Pa.C.S.A. §§ 6105(a)(1) and 3925(a); 35 P.S. § 780-113(a)(30).

907, along with an accompanying opinion. By order entered on March 10, 2025, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed.[2]

On appeal, Appellant presents the following issues[3] for our review:

I. Whether the [PCRA] court's determination to deny [PCRA] relief was free of legal error?

II. Whether [the] ineffectiveness of trial counsel fell below the standard of reasonableness and prejudiced Appellant, causing Appellant to enter into an unknowing and unintelligent plea?

Appellant's *Pro Se* Brief, at vi.

Appellant raises related claims in challenging the PCRA court's order that dismissed his petition for collateral relief. First, Appellant claims the investigating undercover officer falsely represented himself as a black-market arms dealer to induce Appellant to commit an offense Appellant was not otherwise predisposed to undertake. **See** Appellant's Brief at 1. As such,

---

[2] Appellant filed a *pro se* notice of appeal on April 1, 2025. On the same day, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a). The PCRA court's opinion largely relied upon the court's earlier decision filed on September 23, 2024 but also addressed Appellant's claim that his conviction for possession of a firearm under Section 6105(a) was unconstitutional.

[3] As briefly set forth above, Appellant presented additional issues to the PCRA court including alleged trial court error in failing to inform him of the elements of the crimes charged and to conduct a hearing to determine if he could pay fines, as well as his challenge to the constitutionality of Section 6105(a). Appellant has abandoned these issues and we find them waived. **See Commonwealth v. Felder**, 247 A.3d 14, 20 (Pa. Super. 2021) (citation omitted) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived."

Appellant maintains that the PCRA court wrongly denied relief and dismissed Appellant's petition. ***See id***. Next, Appellant asserts that he entered into an invalid plea agreement because trial counsel failed to request a suppression hearing based upon Appellant's entrapment defense. ***See id***. at 5. More specifically, Appellant argues

> counsel's deficient performance prejudiced Appellant, was the proximate or primary moving cause of Appellant entering into an unknowing and unintelligent plea, and, that there is a reasonable probability that, but for counsel's unprofessional errors and deficient performance, a suppression hearing would have been held on Appellant's entrapment defense and Appellant would have insisted on going to trial where the proceeding would have been different.

*Id.* at 9. Appellant's claims merit no relief.

> This Court adheres to the following, well-settled standard of review:

> [W]e must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party.

> The PCRA court's credibility determinations, when supported by the record are binding; however, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

We have carefully reviewed the certified record, the submissions of the parties, the opinions of the PCRA court, and the pertinent case law. Based

- 4 -

upon our review, we conclude for the reasons expressed by the PCRA court that Appellant is not entitled to relief. More specifically, the PCRA court set forth the prevailing law regarding the entry of a knowing, voluntary, and intelligent guilty plea. *See* PCRA Court Opinion, 9/23/2024, at 3. The PCRA court then examined the notes of testimony from the guilty plea hearing and concluded that Appellant's guilty plea was made knowingly, voluntarily, and intelligently. *Id.* Thus, the PCRA court determined that by entering a valid guilty plea, Appellant waived all of his trial defenses, including the defense of entrapment and, by extension, the need to seek suppression based upon that claim.[4] *Id.* at 5. Accordingly, the PCRA court determined that trial counsel could not be deemed "ineffective for failing to assert a meritless claim." *Id.* at 8. We find that the PCRA court has adequately and accurately addressed

_____

[4] However, the PCRA court also determined that, regardless, entrapment was not a defense available to Appellant at trial because:

> [Appellant] possessed the firearm prior to any contact by the police or the confidential source. [Appellant] was not induced to possess the firearm; he already possessed it. He also already had multiple felony drug convictions from 2006 to 2019 which made it unlawful for him to possess a firearm in 2022 He might have been induced to show [the firearm] to a law enforcement officer, but not by any false representations that it was lawful for [Appellant] to possess firearms and ammunition. The only false representation was that the law enforcement officer was an illegal arms dealer, who could obtain an extended magazine for the firearm which [Appellant] already possessed.

PCRA Court Opinion, 9/23/2024, at 6-7. This portion of the PCRA court's opinion, however, is superfluous after finding waiver of the entrapment defense.

the issues raised in this appeal and we adopt the PCRA court's opinion as our own. Accordingly, the parties are directed to attach a copy of the PCRA court's September 23, 2024 opinion[5] to all future filings relating to our disposition in this appeal.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/15/2026

---

[5] It is not necessary to attach the PCRA court's April 1, 2025 supplemental opinion. That decision addressed Appellant's challenge to the constitutionality of Section 6105(a), an issue that Appellant has abandoned on appeal.

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA :
:
v. : CP-41-CR-0983-2022
:
: **Notice of Intent to Dismiss PCRA**
: **and Order Granting Counsel's**
ANTHONY AARON MONROE, : **Motion to Withdraw**
Petitioner :

## OPINION AND ORDER

On May 3, 2024, Counsel for Anthony Monroe (Petitioner) filed a Petition to Withdraw from Representation of Post-Conviction Collateral Relief pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). After an independent review of the entire record, this Court agrees with Post-Conviction Relief Act (PCRA) Counsel and finds that Petitioner has failed to raise any meritorious issues in his PCRA Petition, the Petition therefore should be dismissed.

*Background*

On July 10, 2023, Petitioner entered a negotiated guilty plea to one count of Possession of a Firearm by a Prohibited Person, a felony of the first degree.[1] The negotiated plea agreement was for a sentence of five to ten-year incarceration in State prison with credit for time previously served. After his plea, Petitioner was sentenced pursuant to the plea agreement and received credit for time served toward the sentence from July 15, 2020 until July 10, 2023. No subsequent motions for reconsideration or appeals were filed. Therefore, Petitioner's sentence became final on August 9, 2023.

Petitioner filed a timely *pro se* PCRA Petition on January 9, 2024, in which he alleged that the Court failed to inform him of the elements of the crimes charged, his sentence was illegal

---

[1] 18 Pa. C.S.A. § 6105(a)(1)

FILED LYCOMING COUNTY

for failing to conduct a hearing to determine if he could pay the fines, he was entrapped and that his sentence was "null, void, and unconstitutional as applied to defendant based upon *Range v. Attorney General,* 69 F.4th 96 (3d Cir. 2023) and *New York State Rifle Assn Inc. v. Bruen,* 142 S.Ct. 2111 (2022)". This Court appointed Donald F. Martino, Esquire as Petitioner's attorney on February 21, 2024. On May 3, 2024, Attorney Martino filed a Petition to Withdraw from Representation of Post-Conviction Collateral Relief following a *Turner/Finley* "No Merit Letter." A PCRA conference was held on May 14, 2024. After consideration of the entire record, this Court agrees with Attorney Martino that Petitioner has failed to raise any meritorious issues in his PCRA Petition.

To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. *Commonwealth v. Dennis,* 597 Pa. 159, 950 A.2d 945, 954 (2008).

***Whether the guilty plea was voluntary, knowing, and intelligent***

In a PCRA claim where a guilty plea was entered and honored by the sentencing judge, the Court is directed to look to whether the plea was knowingly, intelligently, and voluntarily entered. *Commonwealth v. Moury,* 992 A.2d 162, 175 (Pa. Super. 2010). Manifest injustice is required to withdraw guilty plea which is requested after a sentence has been imposed. *Commonwealth v. Flick,* 802 A.2d 620, 623 (Pa. Super. 2002). Such a manifest injustice occurs only when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. *Commonwealth v. Persinger,* 615 A.2d 1305, 1308 (Pa. 1992). It does not matter if Petitioner is

2

pleased with the outcome of his decision to plead guilty as long as he did so knowingly, voluntarily, and intelligently. *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996). Petitioner must demonstrate a "miscarriage of justice . . . which no civilized society could tolerate, in order to be entitled to relief." *Commonwealth v. Allen*, 732 A.2d 582, 588 (Pa. 1999). A trial court must, at a minimum, evaluate the following six areas:

> (1) Does the Petitioner understand the nature of the charges to which he is pleading guilty? (2) Is there a factual basis for the plea? (3) Does the Petitioner understand that he has a right to trial by jury? (4) Does the Petitioner understand that he is presumed innocent until he is found guilty? (5) Is the Petitioner aware of the permissible ranges of sentences and/or fines for the offenses charged? (6) Is the Petitioner aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997).

In *Yeomans*, the Superior Court further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the Petitioner understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the Petitioner had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citing *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993)).

A review of the transcripts of the guilty plea and sentencing hearing in this case confirms that Petitioner did in fact enter into his plea knowingly, voluntarily, and intelligently. This Court informed Petitioner of the nature of the charges to which he was pleading. N.T., Guilty Plea, 7/10/2023, at 5, 22-23. The Court also advised the Petitioner that it was not bound by any plea agreement. *Id.* at 23. Petitioner was asked questions to establish the factual basis for the underlying charge and he admitted to the elements of the charge to which he was pleading guilty.

3

*Id.* at 23-24. The Court informed Petitioner of his right to a jury trial and the maximum sentences and fines that accompanied his charges. *Id.* at 22, 26. The Court explained to Petitioner that he did not have to enter a plea and that there were jurors waiting ready to pick a jury for him to go to trial if he wished. *Id.* at 26. Petitioner indicated that he went through the guilty plea colloquy with the assistance of an attorney, he had adequate time to consult with his attorney, it was his decision to plead guilty, and that he was not threatened, coerced, or forced into making his decision. *Id.* at 26-27. Since the Petitioner had come down to court to speak prior to his plea, this Court also made certain by asking Petitioner if anything it did anything in the earlier conversation which made him feel as though the Court was forcing, threatening him or putting any pressure on him to enter a plea. *Id.* at 21-22. After a complete review of the record, the Court finds that this issue has no merit.

Petitioner in his *pro se* petition also contends that the Court failed to explain the elements of the charges to him. As discussed above, the Court did review the elements of the offense to which he pled guilty. In fact, Petitioner initially came down to court as his case was listed for jury selection and trial counsel explained that the Petitioner was not effectively communicating with her and so he was brought down to explore why. During the questioning of Petitioner, the Court reviewed all of the charges against him. *Id.* at 5. When the Petitioner came down later to enter his plea, the Court reviewed the only charge to which the Petitioner was pleading. *Id.* at 22-23. In fact, the Petitioner told the Court "I'm guilty, obviously, I mean I'm pleading guilty so you know." *Id.* at 29. Therefore, this issue has no merit.

Petitioner next asserts that his sentence is illegal because the court failed to hold an assessment hearing to determine if Monroe could pay the fines imposed. This issue is frivolous. The court did not impose any fines in this case. The only fees imposed on Monroe were the

4

costs of prosecution. The court is not required to hold an ability to pay hearing prior to the assessment of costs. *Commonwealth v. Lopez*, 280 A.3d 887 (Pa. 2022).

Next, Petitioner next asserts that his conduct occurred in response to entrapment. This claim fails for several reasons.

First, this claim was waived when Monroe entered his guilty plea. To be entitled to relief on a PCRA petition, the petitioner must plead and prove that is claim is not previously litigated or waived. 42 Pa. C.S. §9544. An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior PCRA proceeding. 42 Pa. C.S. §9544(b).

Second, entrapment is a defense; it is not an element of an offense. Entrapment is defined as

(a) **General rule.** —A public law enforcement official or a person acting in cooperation with such an official perpetrates an **entrapment** if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.
(b) **Burden of proof.** —Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of the evidence that his conduct occurred in response to an **entrapment.**
(c) **Exception.** —The defense afforded by this section is unavailable when causing or threatening bodily injury is an element of the offense charged and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the **entrapment.**

18 Pa.C.S.A. § 313. The defense of entrapment is based on an objective standard intended to deter overreaching on the part of law enforcement and those individuals acting in cooperation with law enforcement such as confidential informants. *Commonwealth v. Willis*, 990 A.2d 773, 775 (Pa. Super. 2010) (citations omitted). The police generally are permitted to use artifice and deception to catch criminals. Rather, the defense of entrapment is "aimed at condemning certain

5

impermissible conduct which falls below standards for the proper use of governmental power." *Commonwealth v. Joseph*, 848 A.2d 934, 939 (Pa. Super. 2004) (citation omitted).

In order for the Petitioner to prevail on an ineffective assistance claim, he must first establish that his claim has arguable merit. In reviewing the affidavit of probable cause, the police initially became aware of his criminal behavior through the information provided by a confidential source that had been used in other criminal investigations which resulted in the arrest of other defendants and seizures of illegal drugs, firearms and other proceeds of illegal drug enterprises. Affidavit of Probable Cause, 7/26/2022. He would have agreed to meet with the undercover officer (UC) who was posing as a "black market arms dealer" to trade handguns for cocaine. *Id.* As a product of their conversation, Petitioner showed the UC his own gun through FaceTime that he possessed prior to their meeting because he wanted to purchase extended magazines for it. The gun was seized from the Petitioner when a search warrant had been obtained for his residence. The weapon was found in Petitioner's bedroom hidden under a dresser. *Id.* "Where police do no more than afford a defendant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." *Commonwealth v. Marion*, 981 A.2d 230, 239 (Pa. Super. 2009) (citation omitted). Therefore, Petitioner possessed a firearm prior to any contact by the police or the confidential source. Petitioner was not induced to possess the firearm; he already possessed it. He also already had multiple felony drug convictions from 2006 to 2019 which made it unlawful for him to possess a firearm in 2022. He might have been induced to show it to a law enforcement officer, but not by any false representations that it was lawful for Petitioner to possess firearms and ammunition. The only false representation was that the law enforcement

6

officer was an illegal arms dealer, who could obtain an extended magazine for the firearm which Petitioner already possessed.

Since the Commonwealth merely provided Petitioner with the opportunity to commit the crimes here and did not engage in behavior that would constitute entrapment he could have presented this defense at trial but he instead knowingly, voluntarily and intelligently entered a guilty plea, this issue is waived. Counsel will not be deemed ineffective for failing to raise a baseless claim, this argument is without merit.

The Court should also note that trial counsel did provide Petitioner with the law of entrapment which was discussed prior to the entry of his plea. Guilty Plea, 7/10/2023 at 7-12. Trial counsel stated that she had multiple conversations with the Petitioner about the possibility of getting the charges dismissed against him due to entrapment. *Id.* She even provided him with the law and explained to him why entrapment did not exist. *Id.* at 11-12. Monroe has failed to allege sufficient facts to show that he had a viable entrapment defense. He just makes a boilerplate assertion that the conduct resulted from entrapment and cites case law regarding the defense of entrapment. He never alleges any **facts** to show what the police or the confidential source said or did. If trial counsel had no basis upon which to raise an entrapment defense, she cannot be deemed ineffective for failing to raise it at trial. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

Finally, Petitioner alleges that his sentence is unconstitutional as applied based on *Range v. Atty General*, 69 F 4h 96 (3d Cir. 2023) and *NY State Rifle Assn v. Bruen*, 142 S.Ct. 2111 (2022). Petitioner appears to be arguing that he has a Second Amendment right to possess a firearm despite his prior convictions. These cases are distinguishable from Petitioner's case. Bruen involved a NY statute that prohibited anyone, even law-abiding citizens with no criminal

7

record from possessing a firearm unless they had some particular need for it. Range was convicted of some minor offense that the 3d Circuit found was not similar or equivalent to the types of offenses that result in the loss of the right to bear arms.

A quick look at Mr. Monroe's conviction history shows that he had multiple prior felony drug convictions. The Pennsylvania Superior Court rejected a similar claim in *Commonwealth v. McIntyre*, 314 A.3d 828 (Pa. Super. 2024)[2] and found that section 6105 of the Crimes Code was constitutional. The United States Supreme Court also held this term that the ban on a person with a domestic violence order from possessing firearms was constitutional in *United States v. Rahimi*, 144 S.Ct. 1889 (2024).

*Conclusion*

The Court finds that Petitioner's guilty plea was entered knowingly, voluntarily, and intelligently. In addition, his claims of entrapment, sentence illegality and a violation of his rights under the Constitution lack merit. Counsel cannot be ineffective for failing to assert a meritless claim. Additionally, had counsel asserted such claims, the Court would have denied them. Therefore, Petitioner was not prejudiced by counsel's failure to assert these claims.

Based on the foregoing, this Court finds no basis upon which to grant Petitioner's PCRA petition. Additionally, the Court finds that no purpose would be served by conducting any further hearing. As such, no further hearing will be scheduled. Pursuant to Pennsylvania Rule of Criminal Procedure 907(1), the parties are hereby notified of this Court's intention to dismiss Petitioner's PCRA Petition. Petitioner may respond to this proposed dismissal within twenty (20) days. If no response is received within that time period, the Court will enter an Order dismissing the petition.

---

[2] McIntyre stipulated that he had prior felony convictions for burglary, robbery, aggravated assault, and corrupt organizations.

8

# ORDER

**AND NOW**, this 23rd day of September, 2024, it is hereby **ORDERED** and **DIRECTED** as follows:

1. Petitioner is hereby notified pursuant to Pennsylvania Rule of Criminal Procedure 907(1), that it is the intention of this Court to dismiss his PCRA petition unless he files an objection to that dismissal within twenty (20) days of today's date.

2. The application for leave to withdraw appearance filed December 7, 2023, is hereby **GRANTED** and Donald F. Martino, Esq. may withdraw his appearance in the above captioned matter.

3. **Petitioner will be notified at the address below through means of certified mail.**

By the Court,

Nancy L. Butts, President Judge

xc: DA
Donald F. Martino, Esquire
Anthony Monroe QF 9835 (certified mail)
      SCI Coal Township
      1 Kelley Drive
      Coal Township PA 17866-1020
Gary Weber, Esquire
Jefri Rook

NLB/

9